## Woodruff v. Shea, et al.

(Decided March 6, 1913.)

Appeal from Jefferson Circuit Court
(Chancery Branch, Second Division).

1. Counties—Government—County Board—Jurisdiction of.—The fiscal court is a court of limited jurisdiction or powers, and has no right or power to appropriate or expend county funds without statutory authority therefor.

2. Counties—Government—Appointment of Agents or Employes—Action.—An order of the fiscal court appointing a clerk or auditor for said court is unauthorized by statute and void; and the amount paid to such appointee may be recovered of him by the county.

3. Counties—Officers—Liabilities For Official Acts—Action—Pleading—Petition.—In an action to recover of the members of the fiscal court and the county judge the amount paid to an employe of the fiscal court, appointed without authority of law, the petition failing to allege that such employe was paid out of funds levied and collected for a purpose other than paying him, does not state a cause of action against such officers.

BURWELL K. MARSHALL for appellant.

E. P. HUMPHREY for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Two questions are raised upon this appeal: First, the right or power of the fiscal court to create an office not provided for by statute, and to provide for the compensation of the appointee to such office; and second, whether or not the members of the fiscal court and the county judge, sitting as a member of that body, are, under section 4281-t, subsection 2, of the Kentucky Statutes, liable individually and on their official bonds for the money so expended, in the event it is held that the court was without power to create the office and make the appointment.

This litigation arose in this way: The fiscal court of Jefferson County, on January 4, 1910, elected or appointed John H. Shea clerk of the fiscal court, at a salary of $225.00 for the month of January, and $250.00 per month from February 1, 1910, to May 31, 1910, at which time he resigned as clerk of the fiscal court. On June 7, 1910, the court adopted the following resolution:

"It was moved by Justice Dorsey and seconded by Justice Vogt that the order allowing three thousand ($3,000) dollars per annum to the county clerk for services rendered fiscal court be reconsidered; and that commencing June 1st, 1910, the county clerk be allowed two hundred ($200) dollars per annum for attending the meetings of the fiscal court and taking the minutes as required by section 1835 of the Kentucky Statutes; and that commencing June 1st, 1910, three hundred and fifty ($350) dollars per month be allowed an auditor for keeping the accounts of the fiscal court, the accounts of the contractors on road work and auditing all claims, etc., against the county."

Under this employment the said Shea worked until January 31, 1912, when, by resolution, his salary was increased to $400.00 per month, and he continued to receive said salary from that time until August 31, 1912, the total sum received by him, under said employment as clerk and auditor of the fiscal court amounting to $11,025.00. Conceiving that the appointment of Shea as clerk and auditor of the fiscal court was unauthorized by statute, illegal, and void, W. F. Woodruff, a taxpayer of Jefferson County, for himself and other taxpayers, requested the county attorney to institute suit against said Shea to test the validity of his employment and, if found illegal, to recover of him the money which he had received thereunder, and likewise to recover of the members of the fiscal court and the county judge, as a member of said court, any part of said moneys which could not be recovered of said employe. The county attorney, evidently being of opinion that the employment was valid, declined to bring suit, and thereafter Woodruff himself instituted suit against Shea, in which he set out the fact of his employment and the payment to him thereunder of the sums which the record shows he had received, to-wit: $11,025.00, and prayed judgment against him for that amount. The members of the fiscal court and the county judge, as a member of that body, were made parties and a recovery against them individually was sought under section 4281-T of the Kentucky Statutes. The defendants demurred to the petition, and, upon consideration, the trial judge, being of opinion that the employment was valid, sustained said demurrer. The plaintiff declined to plead further, the petition was dismissed and he appeals.

Section 1840 of the Kentucky Statutes, defining the

jurisdiction of fiscal courts, has been many times before us for construction. Wortham v. Grayson County, 13 Bush, 53; Morgantown Deposit Bank v. Johnson, 22 Rep. 210; City of Covington v. Kenton County, 26 Rep. 677; Hopkins County v. Givens, 29 Rep. 993; Young v. Jefferson County, 30 Rep. 1209; Kline v. Jefferson County, 30 Rep. 1344; Fiscal Court v. Pflanz, 31 Rep. 1242; Mitchell v. Henry County, 124 Ky. 833; Vaughn v. Hulett, 119 Ky. 380; Hollis v. Weissenger, 142 Ky. 129. An examination of these cases shows that this court has uniformly held that the fiscal court is a court of limited jurisdiction or powers, and that it had no right or power to appropriate or expend funds of the county, except provision is made therefor in the statute. Not only so, but it has also held, wherever the question has arisen, that the fiscal court is without power or authority to pay for the services of persons appointed to office, when there was no express authority in law for their appointment. Hopkins County v. Givens, 29 Rep. 993; Vaughn v. Hulett, 119 Ky., 380; Fleming County v. Howe, 121 Ky., 478; Flowers v. Logan County, 148 Ky., 822. It has also held that the court is without authority to pay for services which, by statute, are required to be rendered by a public officer, when no provision is made for compensation for such services. Wortham v. Grayson County, 13 Bush, 53; Morgantown Deposit Bank v. Johnson, 22 Rep. 210.

In the face of these decisions, it cannot successfully be maintained that the fiscal court, in appointing appellee, Shea, clerk of its said body acted within its jurisdiction, nor was such act justified by the necessity arising out of the fact that the business of the court has so increased in recent years that the best interests of the county required such appointment to be made. Practically this same question arose in Morgantown Deposit Bank v. Johnson, 22 Rep., 210. There the fiscal court attempted to pay to the county clerk $350.00 for recording the school census reports for a number of years. The court proceeded upon the idea that the recording of these reports materially increased the labors of the county clerk and that he was entitled to compensation therefor. In denying this right, this court said:

"The fiscal court is a court of limited powers, and has no jurisdiction to appropriate county funds except as it is authorized by law to do so (Kentucky Statutes, Section 1840), and there is no provision of the statute

which authorizes it to pay the county court clerk for his services in recording the list of children filed in his office by the trustees of the school districts, as provided by Kentucky Statutes, section 4449; and it is expressly provided in subsection 1 of section 1749 of the Kentucky Statutes that no officer shall demand or receive any fee for services rendered when the law has not fixed a compensation therefor. This provision of the statute was construed in the case of Wortham v. Grayson County Court, and it was held that when the State requires services to be performed by its officers for which no remuneration is provided, they must be regarded as ex-officio services, for which no charge can be made."

In Mitchell v. Henry County, 124 Ky., 833, the fiscal court undertook to create the office of janitor for the jail building, grounds, etc., and fixed his salary at $250.00 per annum. There was a provision in the order that the jailer might, at his option, perform the services of janitor and receive the salary instead of an appointee to that position. These services were, by statute, required to be performed by the jailer, and no remuneration therefor was provided. This court, in disposing of the claim of this officer to compensation fixed by the fiscal court, said:

"The fiscal court is one of special and limited jurisdiction. It has no power to appropriate money of the county, except as authorized by law. * * * There is no statute authorizing the fiscal court to make any kind or character of contract with the jailer. The jailer is elected by the people, the statute fixes his allowances and fees for all services rendered by him, and the court has no power to change or allow them in any other manner. * * * By section 1749 of the statutes it is provided: 'No fee bill shall be made out or compensation allowed hereafter for any ex-officio services rendered or to be rendered by any officer.' Therefore, when the statute requires services to be performed by its officers (as in section 3948) for which no remuneration is allowed, they must be regarded as ex-officio, for which no charge can be made."

In Hollis v. Weissinger, 142 Ky., 129, the fiscal court of Jefferson County made an appropriation for the purchase and use of an automobile, for use of its members in inspecting and supervising the public roads. It sought to justify its action upon the ground of the necessity and economy of such method of inspection and su-

pervision. Upon appeal, this court disposed of the question in the following language:

"This argument would be entitled to great weight, if the matter of the appropriation for the purchase of the automobile had been merely a question of necessity addressed to the discretion of the fiscal court; but it can have no effect upon our decision of the case, if the appropriation or expenditure of the county's funds by the fiscal court for the automobile was unauthorized by law. If we reach the conclusion that the fiscal court was without power to so apply the funds of the county, the question of whether the purchase of the automobile was necessary need not be considered, nor decided. * *· *

"It will be observed that the fiscal court is authorized by the statute to appropriate the county funds authorized by law to be appropriated; * * * and that it had jurisdiction of all such other matters relating to the levying of taxes as is by special act conferred on the court of claims or county court. It is impossible to read this section, which so carefully enumerates what the fiscal court may do, without concluding that the Legislature intended to restrict the fiscal court to the things named, and such matters as were incidental thereto. The power to regulate and control the fiscal affairs and property of the county must be read in connection with the other provisions of the section. If these words were intended to give the fiscal court unlimited jurisdiction over the fiscal affairs of the county, then it was entirely unnecessary to stipulate in such detail what powers the fiscal court might exercise. * * ·*

"We are unable from our reading of the statute under consideration to find that it empowers the fiscal court to appropriate county funds for the purchase of an automobile, or that such power may be inferred from the language used."

By section 1835, the clerk of the county court, in each county, is made the clerk of the fiscal court, and it is his duty, as defined by said statutory provision, to "attend its sessions and keep a full and complete record of all its proceedings, with a proper index." Said section further provides that "for his services the fiscal court shall annually make him a reasonable allowance, to be paid out of the county levy."

It is apparent from the foregoing that it is the duty of the county court clerk to keep a record of all the pro-

ceedings of the fiscal court. As this body can speak only through its records, it therefore is the duty of the county court clerk to keep, not simply the minutes of the meetings, but a full and complete record of all the business transacted by said court, and the attempt on the part of the fiscal court to dispense with the services of the county court clerk and have the work, which should have been done by him, done by an employe selected by the court for that purpose, not only finds no support in the statutes or justification in law, but is, in fact, a direct violation of the plain provisions of the statute; and the way in which the order was drawn shows that it was intended practically to dispense with the services of the county court clerk, as clerk of that court, and have his duties discharged by appellee.

By sections 1761-2 and 3, provision is made for the cost that may be incurred by the county court clerk of Jefferson County in running his office, and, under said provisions, no deputy in his office may receive more than $2,000 per year, the sum paid to his chief deputy, and no other deputy in his office may receive more than $1,500 per year. The fiscal court was evidently of opinion that it could not secure the services of a man, of the experience and ability desired, for the maximum sum which a deputy county court clerk was authorized to receive, and hence sought to avoid the effect of section 1835 by providing for the payment of a nominal sum to the county court clerk and employing appellee to discharge the duties which the law imposed upon the clerk. We are of opinion that the employment of appellee as clerk of the fiscal court was illegal, unauthorized and void, and, of course, the money, which the court directed, authorized or permitted to be paid to him as compensation for his services, was paid without warrant of law and should be covered back into the county treasury.

Passing now to the question as to whether the court had authority to appoint an auditor to keep an accurate account of the financial affairs of the county, and to check up the accounts of the various contractors who, under the fiscal court, supervised the construction and maintenance of the various public roads in the county, we are again confronted with section 1840, defining and limiting the powers of the fiscal court, and no authority being given to said court, even inferentially, by said act, or any other statutory provision, to appoint officers,

or to create offices of this character, we must hold that the court was without power to make the appointment. In so holding, we recognize the force of the argument made by counsel for appellee that the business affairs of Jefferson County, which are conducted by the fiscal court, are various, and that transactions involving, in their aggregate, several hundred thousand dollars annually had by said court, in the proper conduct of the fiscal affairs of the county. It is undoubtedly true that the business of the county could be conducted with more system and with perhaps greater accuracy if the accounts were regularly audited and properly kept by an experienced accountant, such as appellee is known to be. But the desirability and necessity for the creation of such an office are matters which must be addressed to the legislative department of the government, and, until it acts and authorizes the appointment, the court is without power to make it. If it should be held that the court has power, in what it conceives to be the proper discharge of its duties and the safeguarding of the public interests, to appoint one auditor and one clerk, it is likewise in its discretion to appoint several, and the safeguard which is thrown around the people in the expenditure of the moneys collected would be entirely removed, and we would have substituted for the mandatory provision of the statute the discretionary power of the fiscal court, which would be, of course, as varied as courts are numerous, a condition which must at once be recognized as unsafe as the argument, that such right now exists in the court is unsound. But it is argued that the reasoning of the court, in the cases of Mercer County v. Pearson, 24 Rep. 1368, and Slayton v. Rogers, 128 Ky. 106, justifies the fiscal court's act in this case and clearly gives that body a discretion in the expenditure of public money, where the best interests of the public require it. We do not so construe the opinion of this court in the cases relied upon. On the contrary, the opinion in each of those cases is rested upon the peculiar state of facts there presented, and when those facts are analyzed, it is shown that the court was acting, not beyond but within its jurisdiction. In Mercer County v. Pearson, the county was engaged in an enterprise not strictly public, viz.: the effort to have a railroad company build its line into and locate its shops within its borders. Bonds of the county were issued and put into possession of Pearson to be delivered to the railroad company upon the performance by it of

the conditions imposed upon it in its agreement with the the county. A controversy arose between the trustee, Pearson, and the railroad, and it was the compensation to the trustee and his expenses incident to that controversy that were involved in that litigation. This court held that was a quasi private undertaking, and the rules of law governing such transactions between private persons or corporations were applicable, so the trustee was entitled to be compensated for his services and reimbursed for the expenses incurred in the execution of the trust. In Slayton v. Rogers, the only question before the court was whether or not the county attorney was, at the time of the services rendered in that action, disqualified from accepting the appointment of the fiscal court to settle with the sheriff and to act as commissioner in the settlement and compromise of the bonded indebtedness of the county which was in litigation in the federal court. Section 4146 of the statutes expressly authorizes the fiscal court to appoint a qualified person to settle with the sheriff, and the only real question in that case was, whether or not the county attorney, by virtue of his office as county attorney, was disqualified to accept said appointment and to act for and on behalf of the county and the court in making this settlement. The court held that he was not disqualified. The case of Bardstown v. Nelson County, 25 Rep. 1478, is also relied upon by appellee to support his contention. That case involves the powers of the health boards of the State, who are charged by statute with the execution of certain of the police powers of the State. Such boards are clothed with discretion as to the way and manner of preventing and stamping out disease. In the case at bar, the fiscal court has no such discretion. The statute imposes upon the county court clerk the burden of discharging every duty which, under his employment as clerk or auditor to the fiscal court, appellee discharged, and the court having no power or authority to employ appellee, the money which was paid out to him under said employment was paid without any right or authority in law, as well as that paid to him as clerk of said court, and must be covered back into the treasury.

Coming now to the question as to whether or not, in making appellee clerk of the fiscal court and later its auditor, and paying him for his services as such, the members of the court, including the county judge sitting as a member, render themselves personally liable. The

section of the statute relied upon imposes no liability, upon members of the court for errors of judgment in the expenditure of the public money, even though such expenditure be unauthorized, but, by this statute, their liability arises only when they spend a fund, collected for one purpose, for some other purpose. The petition in the case at bar charges that the members of the fiscal court wrongfully and unlawfully appointed appellee and paid him for his services out of the public fund. There is no allegation that the fund, out of which he was paid, was not collected for the very purpose of paying him, or that there was not a sufficient sum in the general expenditure fund to pay him. Construing the pleading most strongly against the pleader, we hold that the facts stated in the petition are not sufficient to warrant the court in holding that the members of the court and the county judge are liable, under said act, for having paid to appellee the monthly stipends for his services as clerk or auditor. In so holding, we would not in the least minimize the value of this provision of the statutes. It was passed with the view of preventing the members of a fiscal court from misappropriating or misapplying the public funds, or diverting them from the purposes for which they were levied and collected. It is a valuable statute and one that should be strictly adhered to and its provisions rigidly enforced; and wherever it is made to appear that the court, either intentionally or innocently, has taken funds levied and collected for one purpose and expended them for another, they should be held liable personally and upon their official bonds for the moneys so misapplied or misappropriated by them. In order to proceed against such members of the court and the county judge under this statute, it must be specifically pleaded and proven that they appropriated money levied and collected for one purpose to another distinct and different purpose from that for which it was levied and collected. In the absence of such plea and proof in support thereof, no recovery under this provision of the statutes can be had. In the case of Henry v. Commonwealth, 126 Ky., 357, we held that the members of a fiscal court, in allowing the claim of a defacto supervisor of roads of a county, acted in a judicial or quasi-judicial capacity and were not punishable for any honest mistake of judgment in the exercise of a legal discretion, although they were guilty of an error in judgment, departure from sound policy, and acted contrary to law. It

is not charged, in the case at bar, that the court was influenced by any improper or corrupt motives. It seems that they were doing what they conceived to be for the best interests of the county. They simply acted beyond their jurisdiction. Having no right to create the office, the money which was paid thereunder to appellee was received by him without right or authority of law, and the county may recover the same from him, but, it not being alleged that the fiscal court, or any member thereof, in paying him for his said services, diverted any public fund from its proper channel, that is, used money in paying him which had been collected for another purpose, the court properly held that the petition stated no cause of action as to them.

Judgment affirmed as to the members of the fiscal court and the county judge, and reversed as to appellee, Shea, with directions to overrule the demurrer to the petition, and for further proceedings consistent with this opinion.

The whole court, except Judge Miller, sitting.