## Woodruff v. Goldbach, et al.

(Decided April 24, 1913).

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

Counties—Government—Appointment of Agents or Employes—Stenographers.—The fiscal court is without power to appoint, or to authorize the county judge to appoint a stenographer for said court. (For original opinion see 152 Ky., 635).

BURWELL K. MARSHALL for appellant.

HERMAN GOCKE, EDWARD P. HUMPHREY for appellees.

RESPONSE OF THE COURT TO PETITION FOR REHEARING BY JUDGE LASSING—Withdrawing Opinion and Reversing.

In the petition for re-hearing, we are advised that the county judge had exercised the authority given by section 331-e, sub-section 17, Ky. Statutes, and appointed a stenographer to his said court. It is alleged that the appointment of appellee was made, in fact, by the fiscal court and not by the county court, as authorized by the act, and copies of the orders on the county court record filed by agreement with the petition for rehearing show this allegation to be true. The original petition was so drawn that it was not made plain that the appointment of appellee was made by the fiscal court, and as there was no intimation in said petition that any appointment had been

made under section 331-e, subsection 17, we construed the petition to allege that the appointment had been made by the county judge, and he having authority, under the section quoted, to act, we held the appointment valid. The fiscal court had no right or power to appoint, or authorize the county judge to appoint a stenographer for said court, and its action in attempting to do so was void, and the appointment made thereunder by the county judge was likewise void; and, had the facts, as they now appear, been presented in the record when before us, we should have held as in the case of Woodruff v. Shea, 152 Ky., 657, decided at the same time, that the petition stated a cause· of action. The failure of the plaintiff's counsel to state the facts fully resulted in a misconception of the charge attempted to be made. When read in the light of the facts disclosed by the petition for rehearing and the orders from the county court record, copied into said petition, which it is conceded are correct, we find the petition is susceptible of the construction contended for by appellant's counsel, and when so construed, the opinion herein should not have been delivered.

It is now withdrawn and the case is reversed, as to appellee Goldbach, for the reasons given in the opinion of Woodruff v. Shae, and remanded, with instructions to the trial judge to overrule the demurrer to the petition.