## Baker v. Tedders, County Clerk.

(Decided June 24, 1932.)

J. D. TUGGLE and TUGGLE & TUGGLE, for appellant.

V. A. JORDAN, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN— Affirming.

By chapter 41 of the Acts of 1926, now sections 1061a-1 et seq. of the Kentucky Statutes, the county judges in all counties having population of 200,000 or over and/or containing a city of the third or fourth class are empowered, when authorized by the fiscal courts of their respective counties, to appoint a "stenographer or clerk to the county judge." By section 1055 of the Kentucky Statutes, the judges of the quarterly courts of this state (county judges being the judges of the quarterly courts under section 139 of the Constitution) are authorized to appoint a clerk of their respective courts, but no provision is made for any salary for such clerks except in counties having a population of 150,000 or more, of which Knox county is not one. There being no statutory authorization for compensation to be paid in a county the size of Knox for the services of a clerk of the quarterly court, the fiscal court of such a county cannot make any allowance by way of salary or compensation to such a clerk for his services as such. In the case of Harlan County v. Blair, 243 Ky. 779, 49 S. W. (2d) 1028, 1029, we said:

"Fees to an officer are a recompense for his services, while expenses allowed him are designed to indemnify or reimburse him for funds expended in performing his duties. In the absence of an express provision of law to that effect, the county is not required or permitted to pay for the services of its officers. Mills v. Lantrip, 170 Ky. 81, 185 S. W. 514; Wortham v. Grayson County Court, 13 Bush 53; Morgantown Deposit Bank v. Johnson, 108 Ky. 507, 56 S. W. 825, 22 Ky. Law Rep. 210; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005; Bruner v. Jefferson Fiscal Court, 239 Ky. 613, 40 S. W. (2d) 271. Indeed, officers are forbidden to demand or to receive fees for services rendered when

the law has not fixed a compensation therefor. Ky. Stats., sec. 1749; Wortham v. Grayson County Court, 13 Bush 53; Wright v. Morris, 212 Ky. 403, 279 S. W. 631.''

In the fall of 1929, the fiscal court of Knox county undertook to fix the salaries of the county officers for the following term of office which began January 1, 1930. There is a vigorous dispute as to whether or not prior thereto and especially in August, 1926, the fiscal court had authorized the county judge to appoint a stenographer or clerk as permitted by section 1061a-1 of the Statutes, supra. Without deciding that issue, we may, for the purpose of this decision, assume that it had. In the order by which it was attempted in the fall of 1929 to fix the salaries of the county officers for the ensuing term, no mention was made of any salary for a clerk or stenographer to the county judge, but it was provided that the ''clerk of the quarterly court'' should receive a salary of $1,500 per annum. Appellee claims that this order made in the fall of 1929 was never validly adopted or signed, but be that as it may, in the following January the fiscal court undertook to and, for the purposes of this decision, may be said to have confirmed that order. Before the entry of this order of January, 1930, the county judge by an order entered on the order book of the Knox county court appointed Miss Laura Mayhew as ''clerk of the Knox quarterly court.'' On the 10th day of June, 1931, the county judge entered this order on the order book of the Knox county court:

''The appointment of Laura Mayhew as clerk of the Knox quarterly court is hereby revoked and the court upon his own motion appoints George F. Baker, Clerk of said Court to fill the unexpired term of said Clerk. Whereupon the said George F. Baker accepted said appointment, took the oath of office and qualified as is required by law.''

Shortly thereafter the fiscal court of Knox county, by an order duly entered, revoked the order fixing the salary of the clerk of the quarterly court at $1,500, revoked its consent to the judge of the county court appointing a clerk or stenographer, and instructed the county clerk to make no payments by way of salary or compensation to George F. Baker, as clerk of the Knox quarterly court. George F. Baker then brought this mandamus suit to compel the clerk of Knox county to

pay him his salary for the months of June, July, August, and September, 1931. A demurrer interposed to his petition as amended was sustained. As he declined to plead further, his petition as amended was dismissed, and this appeal taken from such order of dismissal.

In his petition as amended, appellant relied upon the order of June 10, 1931, as the basis of his right to the salary claimed. In his original petition, he averred that he had been appointed clerk of the Knox quarterly court and had duly qualified as such. In his amended petition, he did not abandon that allegation, but in addition thereto said that, by the order of June 10, 1931, he was appointed clerk of the Knox quarterly court and clerk to the county judge. However, his allegation cannot rise higher than the exhibit filed with his petition would warrant and that order states that he was appointed only as clerk of the Knox quarterly court. The order must prevail. In the case of Duff v. Knott County, 238 Ky. 71, 36 S. W. (2d) 870, 872, a contention was made that certain allowances made by the fiscal court and attacked in that suit had really been made for compensation to agents or brokers in the disposal of the county's bonds. The orders did not so recite. In disposing of the contention made, we said:

"The fiscal court of Knott county did not purport to employ or pay an agent or broker. No such order of the court is exhibited, and the court is authorized by law to speak only by its orders, duly authenticated. Kentucky Statutes, secs. 1838, 1842, 1843; Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Riddell v. Boone County, 183 Ky. 77, 208 S. W. 323; McKechnie v. Canada, 198 Ky. 807, 250 S. W. 111; Conrad v. Pendleton County, 209 Ky. 526, 273 S. W. 57; Vanzant v. Watson, 230 Ky. 316, 19 S. W. (2d) 994."

The same is true of the orders of the county court. Kentucky Statutes, sec. 1060; Fletcher v. Leight, 4 Bush 303.

It follows from what we have said that appellant was correct when in his original petition he alleged that the office which he held was that of clerk of the Knox quarterly court. There is no order appointing him as clerk or stenographer to the judge. But, as we have seen, the statute prescribes no compensation in counties the size of Knox for clerks of the quarterly court, which,

being true, even if the fiscal court did undertake to make any allowance for such services, the appellant is not entitled thereto.

It follows that the trial court correctly sustained the demurrer to appellant's petition as amended and correctly dismissed it when appellant declined to plead further.

Its judgment is affirmed.

Whole court sitting.