## Boyd County v. Boyd Fiscal Court.

(Decided Jan. 31, 1933.)

184

THOMAS BURCHETT for appellant.
JOHN T. DIEDERICH and WOODS, STEWART, NICKELL & SMOOT for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

The county attorney of Boyd county entered a motion before the fiscal court of Boyd county, supported by an ex parte petition, signed by himself as county attorney, for the appointment of a competent and qualified accountant "to audit the accounts of the various county officers" for the years 1925, 1926, 1927, 1928, and 1929, at the expense of the county. The fiscal court by an order entered of record declined to entertain his motion. From this order the county attorney prosecuted an appeal to the Boyd circuit court. In the circuit court he requested the court to enter an

order taking the allegations of the petition pro confesso, and for a judgment.

The fiscal court entered, in the circuit court, a motion to dismiss the appeal, and also filed a demurrer to the petition. The latter was sustained. The county attorney elected to stand by his petition, and declined to amend. The petition was dismissed, and he prosecutes this appeal.

The petition distinctly alleges that the county attorney did not possess the qualifications to examine the records of the accounts of the county clerk, jailer, and sheriff, and that the purpose in asking the audit was to obtain facts on which to base suits to recover of these officers the amount he conceived they had respectively received in excess of the salary of $5,000 per year for certain years.

The petition recites that large sums of money have been illegally spent by the fiscal court during the years designated therein; that the county clerk, the jailer, and the sheriff, during each of these years, had respectively received a salary greater than $5,000; that an appropriation of $500 had been made to the Mammoth Cave National Park; $250 to Chris Currington for arresting Harry Thompson; $220.25 to Ola J. McClelland for reporting one term of court; $110 for reporting another term; that the salary of J. M. Spears, ex-county attorney, was raised from $1,500 to $1,980 per annum; and other moneys had been illegally appropriated by the fiscal court; and as county attorney he was unable to determine whether such expenditures were legal or illegal, or whether the salaries exceeded the constitutional limit of $5,000 per year; and that an audit was necessary to enable him to institute actions for the recovery of these illegal appropriations.

Section 1840, Ky. Statutes, fixes the jurisdiction of fiscal courts, including its power in its sound discretion to have the accounts of all county officers, where necessary, to employ a competent auditor and pay him for such services, not exceeding $2,400 a year. Taylor v. Riney, 156 Ky. 393, 161 S. W. 203.

The authority of the fiscal court to make an appropriation of the county's funds is purely statutory, and only may be made by it for the purpose or purposes

named in the statutes. Jefferson County v. Peter, 127 Ky. 453, 105 S. W. 887, 32 Ky. Law Rep. 374; Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005. Considering, without determining, that the appropriations to the Mammoth Cave National Park, to Chris Currington, to J. M. Spear, and the court reporter, were unauthorized, and that the fiscal court exceeded its power when making them, or any of them, the county attorney had the privilege or legal right, and it was his duty, when such orders were entered, if he conceived them to be illegal, to appeal to the circuit court within the time allowed by law, from the order allowing each of them. Jefferson County v. Waters, 111 Ky. 286, 63 S. W. 613, 23 Ky. Law Rep. 669; Jefferson County v. Jefferson County Fiscal Court, 161 Ky. 538, 170 S. W. 1171.

Section 4281t, subsec. 2, Ky. Statutes (now Ky. Stats., sec. 4281u-2), provides that where any money is expended for another purpose than that for which it is collected, the members of the fiscal court shall be liable therefor, but they are not liable for errors of judgment in the expenditure of the county's funds. Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005. The county attorney may institute and prosecute suits to recover of the members of the fiscal court, the county's funds expended by an order of the court for one purpose when collected for another. No audit was required or needed, if the county attorney desired either to prosecute an appeal or recover of the members of the fiscal court the items designated in his petition.

The orders of the fiscal court are generally indexed, and it is a fair presumption that the clerk of the county court had discharged this ministerial duty. Board of Education v. Caudill, 228 Ky. 652, 15 S. W. (2d) 452; Livingston County v. Dunn, 244 Ky. 460, 51 S. W. (2d) 450. A few minutes' examination of the orders of the court will disclose to the casual examiner the several allowances and the amounts thereof to the county clerk, the jailer, and the sheriff of the county. On the presentation to the fiscal court of an account by either of these officials, with the request for an order allowing the same, if the fiscal court in good faith believes that the officer presenting it has already or will, by the allowance asked, together with the fees and perquisites of his office theretofore collected by him from other sources, exceed the constitutional limitation (Constitu-

tion, sec. 246) of the annual salary of $5,000, it is clearly within its jurisdiction to require of such officer, as a condition precedent to the allowance and payment of the account presented, to enter appropriate orders requiring of him a full and complete showing of such fees and perquisites received from all sources, and also requiring him to report the expenses of his office, before allowing the account presented. Holland v. Fayette County, 240 Ky. 37, 41 S. W. (2d) 651. In that case it was expressly held that the fiscal court may require a report by the officer to enable it to determine whether he has received compensation in excess of the constitutional limit. In an action against an officer to recover of him the excess of $5,000 per year each year during his incumbency, he may be put upon cross-examination and thus obtain a disclosure of the total of his compensation during each year of his term of office (subsection 8, sec. 606, Civil Code of Practice); or interrogatories may be attached to a petition in an action against him to recover compensation received by him in excess of $5,000 (section 1006, Ky. Statutes, section 140, Civil Code of Practice), which shall be answered by him when responding thereto.

The petition herein discloses no reason for the employment of a competent person to audit the accounts of the officers of the county other than the statement of the county attorney, disclaiming sufficient qualification of himself to prepare the evidence for the contemplated suits. The allegations of the petition are no more than a modest request to employ counsel to assist him in certain contemplated actions against certain officers of the county. In the absence of an affirmative, positive showing of the abuse of a sound discretion on the part of the fiscal court to employ a person to make an audit of the accounts of the officers of the county, this court is without power to compel it to exercise the discretion vested in it. It was within the discretion of the fiscal court to accept or reject the verity and sufficiency of the statements of the petition in this respect. It should be presumed that it had before it the record which the county attorney desired and requested to be examined and audited, and that it also possessed a fair knowledge of the qualifications of the county attorney to assemble the record of the allowances to these officials; and that the members of the court were equally as ardent and actively interested in the subject matter

as the county attorney himself. There is no allegation that the accounts of the officers, which he asked to be audited, were intricate or complicated. In the circumstances it cannot be considered that the fiscal court for any reason undervalued the county attorney's qualifications to prepare the evidence needed in such contemplated actions against these county officers.

It is apparent that it is our view that the allegations of the petition do not set forth sufficient facts to authorize the conclusion that the fiscal court abused its sound discretion when it refused to grant the prayer of the appellant's petition.

Wherefore, the judgment is affirmed.