## Taxpayers' League of Bell County et al. v. Vanbeber et al.

(Decided Dec. 15, 1933.)

MARTIN T. KELLY for appellants.

N. R. PATTERSON and E. B. WILSON for appellees.

Opinion of the Court by Judge Clay—Affirming.

The Taxpayers' League of Bell County, a corporation, and certain taxpayers, brought this action against Ed Vanbeber, George Vanbeber, county judge, and the members of the fiscal court of Bell county, to recover of Ed Vanbeber the sum of $5,125 which had been paid him for his services as clerk to the county judge, and to

enjoin the further payment of his salary. From a judgment sustaining a demurrer to and dismissing the petition, this appeal is prosecuted.

It appears from the petition that on February 4, 1930, the fiscal court of Bell county entered an order "That the fiscal court pay Ed Vanbeber the sum of $125.00 per month as clerk and stenographer to the county judge and the quarterly court." Pursuant to this order, Ed Vanbeber was paid the sum of $125 per month, amounting in all to $5,125. It was further alleged that Ed Vanbeber is not a stenographer and does not attend to the duties of the clerk to the county judge; that the fiscal court was without authority to employ a clerk for the quarterly court; and that the payments to Ed Vanbeber were not warranted under the law; that, since the order was made, Ed Vanbeber had not been present at the meetings of the fiscal court, or in attendance at the office of the county judge, for a greater number than fifteen days; that the services which he had performed were not worth more than $100; and that, unless the defendants are enjoined and restrained, they will continue to pay Ed Vanbeber the sum of $125 per month.

The county of Bell contains a city of the third class (Middlesboro) and a city of the fourth class (Pineville). Under the statute now in force, there is created in all counties containing a city of the third and fourth class the office of stenographer or clerk to the county judge, and the appointment is made by the county judge for a period of four years. Section 1061a-1, Ky. Stats. The point is made that the foregoing act, in so far as it created the office of clerk, is unconstitutional. In support of this position the argument is as follows: Prior to the passage of this act the right to appoint a stenographer was given only to county judges in counties having a population of 200,000 or over, and the appointee was designated as a stenographer. When the act of 1926 (chapter 41), now section 1061a-1, Ky. Stats., was enacted, the title was as follows:

"An Act to amend sections 1 and 4 of chapter 43 of the acts of the General Assembly of 1914, relating to the office of stenographer for the county judge in certain counties, being sections 1061a-1 and 1061a-4, Carroll's Kentucky Statutes, 1922 edition."

This title dealt only with the office of stenographer, and did not mention the word "clerk." Hence the insertion of the word "clerk" created a new office, and was therefore foreign to the title and violative of section 51 of the Constitution. We are not disposed to this view of the question. The stenographer to the county judge does not do court reporting. He simply assists the county judge in the performance of his work, and, though a knowledge of shorthand may be helpful, it is not necessarily required. Indeed a stenographer is a clerk, and often-times a clerk is a stenographer, and it hardly can be said that their duties or work, in a position like the one in question, are of such a separate and distinct character that an act creating "the office of stenographer or clerk" is so foreign to a title "relating to the office of stenographer" as to make the act invalid. In the circumstances it is wholly immaterial that the appointee is not a stenographer, and, even were it material, an equitable action could not be maintained by a citizen and taxpayer to enjoin the payment of his salary on the ground of ineligibility to hold the office, since sections 480-485, Civil Code of Practice, afford an adequate remedy at law. Spurlock v. Lafferty, 214 Ky. 333, 283 S. W. 124.

The further point is made that there is no authority for paying any compensation to the clerk of the quarterly court, and, as the order in question fixed appellee's salary at $125 a month "as clerk and stenographer to the county judge and the quarterly court," and it cannot be determined how much he was to be paid in each capacity, the entire order is void. It is true that, though the county judge has the right to appoint a clerk of the quarterly court, no compensation for his services in that capacity is provided by statute. Baker v. Tedders, 244 Ky. 736, 52 S. W. (2d) 715. However, the statute authorizes the fiscal court to fix the salary of the stenographer to the county judge at not exceeding $1,500 per annum, and as the fiscal court fixed appellee's salary within the limit prescribed by law, the addition of the words "and the quarterly court" must be regarded as mere surplusage, and therefore without effect on that part of the order fixing appellee's salary as stenographer and clerk to the county judge.

While the power of appointment and removal is in the county judge, the compensation to be paid is fixed by the fiscal court, and no appointment may be made with-

out its authority. Sections 1061a-1 and 1061a-4 Ky. Stats. Thus the need for the office and the salary to be paid are questions for the fiscal court. Who shall be appointed, and whether his services are satisfactory, are primarily questions for the county judge. In addition to this, a deduction for failure or neglect of duty without good excuse, may be made by the paying officer, under section 3763, Ky. Stats., which was enacted to carry out section 235 of the Constitution. In view of these specific remedies, we are forced to the conclusion that an action by a citizen and taxpayer to recover compensation already paid to an officer, or to enjoin the payment of further compensation, will not lie on the ground that there is no need for his services, or that his services are not worth the salary paid, or that he is not faithfully performing his duties.

It follows that the petition did not state a cause of action against appellee for the recovery of the compensation theretofore paid him, or for an injunction restraining the further payment of his compensation, and that the court did not err in sustaining the demurrer thereto.

Judgment affirmed.