## Brown, Clerk of Court, v. Shannon, Auditor, et al.

Oct. 13, 1939.

William R. Henry for appellants.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by appellant against appellee seeking a declaration of rights with reference to the payment of certain jurors who served in the Whitley Circuit Court at the January term, 1939. At that term Hon. Flem D. Sampson, Judge of the Court, discharged the jury at the end of each week and summoned a new jury. During the fourth week of the term, on application of the Attorney General, a writ of prohibition was issued against Judge Sampson prohibiting him from indulging further in this practice, the opinion of this court directing the issuance of this writ being found in Meredith v. Sampson, 277 Ky. 263, 126 S. W. (2d) 124. It was held in that opinion, confirmatory of previous decisions of this court, that such practice was illegal and the jurors serving in this manner for the fourth week of the term were illegally summoned. After the writ of prohibition was issued, the jurors who were summoned for the fourth week of the term served during the fourth, fifth and sixth weeks and have not been compensated for their services. The appellee refused to approve the payment of these jurors by the clerk, which action on his part resulted in the filing of this suit for a declaration of rights. The trial court adjudged that it would be unlawful for the appellant, circuit court clerk of Whitley County, to pay these jurors, and this appeal follows.

The opinion in Meredith, Attorney General, v. Sampson, Judge, supra, is conclusive that the jurors in question were illegally summoned and placed on the jury. The question then is, are illegally summoned jurors entitled to pay for their services? We think not. Kentucky Statutes, Section 2260, which provides

for the pay of jurors, must certainly be held to contemplate the payment of jurors legally serving as such. Where the question was presented it seems to have been generally held that jurors not serving according to law were not entitled to compensation. Coulter v. Routt County, 9 Colo. 258, 11 P. 199; State ex rel Suter v. Wilder, 196 Mo. 418, 95 S. W. 396, 7 Ann. Cas. 158. This rule seems to be sound. Otherwise, the circuit judge might order any number of persons to serve as jurors illegally and cause them to receive compensation therefor. If the mere fact that one served as juror pursuant to the order of the circuit judge entitled him to pay, the circuit judge might at will nullify the provisions of Section 2243, Kentucky Statutes, which requires a regular panel of the jury to consist of not less than 24 nor more than 30 jurors. As a matter of fact, this practice was, until recently, consistently indulged in by certain circuit judges who impaneled petit-juries consisting of 40 or more jurors. This practice resulted in the payment of many illegal and extravagant jury claims.

If it be argued that jurors are officers of the Commonwealth and that the jurors whose compensation is in question here are de facto officers and, as such de facto officers, entitled to compensation, it is sufficient to say that the great weight of authority is that de facto officers are not entitled to compensation, and that this rule has been consistently followed in this state. Eubank v. Montgomery County, 127 Ky. 261, 105 S. W. 418, 128 Am. St. Rep. 340, 16 Ann. Cas. 483; Flanary, County Superintendent, v. Barrett, 146 Ky. 712, 143 S. W. 38, Ann. Cas. 1913C, 370.

The appellant seems greatly concerned over the hardship imposed on these jurors in requiring them to serve without compensating them therefor, and over the fact that he might be held personally liable to the jurors for their compensation. It is indeed a hardship on jurors compelled to serve in this manner not to be compensated, but the clerk was in no wise responsible therefor and performed only his official duty in certifying the names of these jurors to be summoned. In fact, his protest against the illegal practice of the circuit judge in summoning these jurors illegally resulted in the filing of the suit for the writ of prohibition by the Attorney General against the trial judge. The sole cause of the hardship vested on these jurors was the result of the illegal practice, theretofore condemned, of summoning

a new jury each week indulged in by the circuit judge. We are unable to permit our sympathy for these jurors who were compelled to serve without pay to constrain us to hold that illegally summoned jurors are entitled to compensation.

Judgment affirmed.