## McKenna et al. v. Nichols, County Judge, et al.

Oct. 1, 1943.

Jay W. Harlan and Henry Jackson, and S. Jewell Rice for appellants.

R. P. Moloney for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Hon. William E. Nichols has been Judge of the Fayette County Court since January, 1934, and by sec. 139 of the Kentucky Constitution he is the presiding Judge of the Quarterly Court of Fayette County. His predecessor in office, Hon. Chester D. Adams, on September 22, 1932, by an order duly entered, appointed E. H. Fuller, then Clerk of the Fayette County Court, as clerk of the quarterly court pursuant to sec. 703 of the Civil Code of Practice. But Judge Nichols never by an order appointed a clerk of the quarterly court, although in April, 1934, he orally designated J. Robert Ledford, then a duly qualified deputy clerk of the county court, to act as clerk of the quarterly court. Ledford has continued to act as deputy county court clerk and as clerk of the quarterly court up until this time. He has received a fixed salary as deputy county court clerk, and as compensation for his services as clerk of the quarterly court he has, with the consent of the county judge, retained the statutory court costs collected from civil suits filed in the quarterly court.

Mary Fisher McKenna and L. M. Land, on behalf of themselves and other taxpayers in Fayette County, caused this action to be instituted in the Fayette Circuit Court for a declaration of rights as to whether the county judge could appoint a deputy county court clerk as clerk of the quarterly court without entering an order of record, and as to the right of Ledford as such clerk to retain the costs collected by him as compensation for his services; or whether the county judge, the surety on his official bond, and Ledford could be compelled to account for the fees collected by Ledford.

Hon. William B. Gess, sitting as special judge, rendered a written opinion in which he upheld Ledford's right to retain the fees he had collected. Judge Gess' theory was that under sec. 703, subsec. 4, of the Civil Code of Practice, the county clerk shall act as clerk of the quarterly court, in the absence of the County Judge from his office, without an appointment; and when he acts without such an appointment it is presumed he did so in the absence of the county judge, which presumption was not rebutted in this record; and under sec. 678 of the Code a deputy clerk may perform any ministerial duty imposed upon the clerk. He based his decision largely on Daniels v. Dils, 4 Ky. Law Rep. 836.

Appellants insist that the county judge can only

appoint a clerk of the quarterly court by an order of record; that at the time of Ledford's appointment and until after this suit was instituted there was no provision of law whereby the county could compensate him for his services as such clerk until the enactment of KRS 64.035, subsec. 2, by the General Assembly in 1942; and in the absence of an express provision of law to that effect, the county is not required or permitted to pay for the services of its officers, citing Wortham v. Grayson County Court, 76 Ky. 53; Harlan County v. Blair, 243 Ky. 777, 49 S. W. (2d) 1028; Baker v. Tedders, 244 Ky. 736, 52 S. W. (2d) 715; Taxpayers' League of Bell County v. Vanbeber et al., 252 Ky. 282, 66 S. W. (2d) 516.

A court of record may speak only through its orders. Adams' Heirs v. McCoy, 212 Ky. 731, 279 S. W. 1103; Baker v. Tedders, 244 Ky. 736, 52 S. W. (2d) 715. Subsection 2 of Section 703 of the Civil Code of Practice provides that the county judge *by an order entered of record in the quarterly court* (our italics) may empower the county clerk to act as clerk of the quarterly court. So it seems to us that Ledford's designation by the county judge as clerk of the quarterly court was irregular and defective. However, the oral designation by the county judge of Ledford as clerk of the quarterly court, and Ledford's assumption of the office and the performance of its duties under such irregular appointment, made him a de facto officer. It is well-settled that one who enters into possession of an office and exercises its functions by reason of an appointment which is informal or defective, or where the appointing power was exercised in an irregular manner, becomes a de facto officer. Overall v. City of Madisonville, 125 Ky. 684, 102 S. W. 278, 12 L. R. A., N. S., 433; Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A., N. S., 1101, Ann. Cas. 1915C, 493. See 43 Am. Jur., Section 481, p. 233.

Much ado is made by appellants over the fact that under Wortham v. Grayson County Court, 76 Ky. 53, and the other like cases relied upon by them which are cited in the second paragraph above, no salary can be paid Ledford by the county for the services he performed since there was no provision of law requiring or permitting the county to do so. But appellants lose sight of the fact that in the instant case Ledford is attempting to collect no salary from the county, but that appellants are seeking to have him refund to the county the fees he col-

lected. It is true de facto officers are not entitled to enforce compensation. Brown v. Shannon, 280 Ky. 88, 132 S. W. (2d) 525. However, Ledford is not attempting to enforce compensation, but is merely attempting to retain the statutory fees received from litigants for services he performed for them. To our minds this fact distinguishes the instant case from the authorities relied upon by appellants. For the same reason the case at bar may be differentiated from Eubank v. Montgomery County, 127 Ky. 261, 105 S. W. 418, 128 Am. St. Rep. 340, 16 Ann. Cas 483, and Cottongim v. Stewart, 283 Ky. 615, 142 S. W. (2d) 171, which hold that a de facto officer cannot maintain an action to recover the compensation attached to the office.

The instant case is easily distinguished from Woodruff v. Shea, 152 Ky. 657, 153 S. W. 1005, where the fiscal court of Jefferson County without warrant of law appointed Shea as clerk and auditor of the fiscal court, and at the suit of a taxpayer the salary received by him was recovered for the benefit of the county. The county court clerk was ex officio clerk of the fiscal court (in 1920 the Legislature enacted a bill providing that in counties containing a first class city the fiscal court should appoint a clerk, which is now Subsection 2 of KRS 67.120), and as that court is one of limited jurisdiction it had no right to appoint Shea in the absence of express authority of law. As there can be no de facto office under our present Constitution, Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A., N. S., 1101, Ann. Cas 1915C, 493, Shea could not be said to be a de facto officer; nor could he retain the salary he received without right or authority of law.

Ledford's appointment was irregular only because the county judge made the designation orally instead of by a duly entered order as required by law. He has performed the services of the office since April, 1934, collected from the litigants the fees provided by statute and retained them as remuneration for his services. It appears to be the rule, in the absence of a statute, that where a de facto officer acts in good faith and actually renders service, the fees or salary received by him cannot be recovered by public authorities. 43 Am. Jur., Section 491, p. 239; Jones v. Dusman, 246 Pa. 513, 92 A. 707, Ann. Cas. 1916D, 472; Badeau v. United States, 130 U. S. 439, 9 S. Ct. 579, 32 L. Ed. 997. Also see annotation 93

A. L. R. 273. Certainly, in the case at bar where the fees were received by Ledford from litigants for services performed for them under color of title to the office, the county cannot recover such fees.

Although we cannot agree with the reasoning by which the learned special chancellor arrived at his judgment, he reached the right conclusion, and the judgment is affirmed.