# Commonwealth ex rel. Harper et al. v. Graham et al.

April 30, 1946.

J. W. Jones for appellants.

Booth & Booth, Leslie W. Morris, Marion Rider, and Clifford E. Smith for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

Upon refusal of the Attorney General so to do, this action was instituted by H. A. Harper and James M. Molloy, as citizens and taxpayers, against appellees, James H. Graham, Dean of the College of Engineering of the University of Kentucky, certain members of the Board of Trustees, and Frank D. Peterson, Comptroller of the University, to recover Fourteen Thousand Three Hundred Seventy-Four Dollars and Ninety-Three Cents ($14,374.93), which is alleged to have been paid Mr. Graham from State funds without his having rendered any service therefor. At the conclusion of the plaintiff's evidence, the Court sustained defendants' motion for a directed verdict in their favor.

From April 16, 1941, to March 15, 1943, Mr. Graham was engaged as Consultant and Adviser to the Assistant Chief of Staff of the United States Army, at a salary of

One Dollar ($1) per year; and from March 16, 1943, to February 29, 1944, he was engaged as Adviser to the Under-Secretary of War, at a salary of Eight Thousand Dollars ($8,000) per year. His salary of One Dollar per year was discontinued because the Under-Secretary did not approve of the War Department's accepting gratuitous services. During this period of time Mr. Graham retained his position as Dean of the College of Engineering of the University of Kentucky, and received a salary of Five Thousand Dollars ($5,000) per year.

In an endeavor to prove the allegations of their petition, plaintiffs introduced as their own and only witnesses the defendants, Graham and Peterson. They readily admitted Mr. Graham's services to the United States Army, but conclusively proved that, at all times during the period in question, he performed the full function of the office of Dean of the College of Engineering, and, in addition thereto, rendered extraordinary services to the University which otherwise would have required the President, or some other representative of the University, to make many and frequent trips to Washington. During Mr. Graham's absence from his office at the University, the details of the office were performed by the Assistant Dean of the University, but under Mr. Graham's direction and supervision. The President of the University and the Board of Trustees approved the arrangement, and consented to the manner in which Mr. Graham performed his duties as Dean during the time in question. The evidence concerning his services to the State during the period of time that he acted as Consultant and Adviser to the War Department, although emanating from the defendants alone, is uncontradicted, and shows, without question, that such services were well worth the salary paid him by the University.

Section 596 of the Civil Code of Practice provides:

"The party producing a witness is not allowed to impeach his credit by evidence of bad character, unless it was indispensable that the party should produce him; but he may contradict him by other evidence, and by showing that he has made statements different from his present testimony."

Undoubtedly, the plaintiffs in this case considered

the evidence of the defendants to be indispensable; but they offered no testimony to impeach their credit, made no attempt to contradict them, and failed to show that they had made statements inconsistent with their testimony. That being true, plaintiffs were bound by the testimony of the witnesses. Herancourt v. Taylor, 97 S. W. 359, 29 Ky. Law Rep. 1299. This decision is not inconsistent with this Court's opinion in Peterson v. Commonwealth, ex rel. Meredith, Atty. Gen., 297 Ky. 148, 179 S. W. 2d 210, wherein we held that a State employee was not entitled to receive compensation for such period of time as he, by excessive use of intoxicating liquors, may have rendered himself unable to perform the duties of his employment. In that case, the duties were not performed; whereas, in the instant case, they were performed fully. This Court may not prescribe the duties of State employees who are not under its direct supervision; Taxpayers' League of Bell County v. Vanbeber, 252 Ky. 282, 66 S. W. 2d 516; it may determine only the question of whether the duties prescribed by the designated authorities actually have been performed.

The judgment is affirmed.