## Gilliam v. Greene, Auditor of Public Accounts.

(Decided October 3, 1919.)

### Appeal from Franklin Circuit Court.

1.  Officers—Compensation of Commonwealth Attorney—Deficiency. —Fines and Forfeitures.—A Commonwealth's attorney, under the provisions of section 98 of the Constitution, and sections 124 and 125 of the Statutes, is entitled to no per cent. of any fines or forfeitures to supplement a deficit in his salary for any prior year or years, except for such deficit, if any, for the year in which such fines and forfeitures were assessed.

2.  Officers—Compensation of Commonwealth's Attorney—Fines and Forfeitures.—The right of the Commonwealth's attorney to the statutory percentage of fines and forfeitures must be measured by each year of his incumbency in office as a unit, and if the fines and forfeitures of which he claims his percentage were neither assessed nor collected during that year, he may not appropriate any part of them to supplement a deficiency for any other year.

M. M. LOGAN for appellant.

CHARLES H. MORRIS, Attorney General, and DAVID M. HOWERTON, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The sole question which this case presents for determination is whether a former Commonwealth's attorney

who failed to earn his maximum salary because of a deficit in the assessment and collection of fines during his incumbency may have such deficit supplied from a surplus of fines assessed and collected over and above the maximum salary during a succeeding term. It arises in this way: The appellant and plaintiff below, John H. Gilliam, was elected at the regular election in 1909 to the office of Commonwealth's attorney for the eighth judicial district of Kentucky, being inducted into office on the first of January, 1910, his term expiring on the first of January, 1916. He was elected to succeed himself at the regular election, 1915, his new term beginning on the first of January, 1916. During his first term there was a deficit in the maximum salary for each year of that term because of a failure to assess or collect fines sufficient to pay him his maximum fees allowed by law, the deficit amounting to $4,302.37. During the years 1916, 1917 and 1918, being the first three years of his second term, there were assessed and collected fines more than sufficient to pay his maximum fees, and claiming the right to appropriate the excess to the payment of the deficit of $4,302.37 which accrued during his first term, he filed this suit against the Auditor of Public Accounts, seeking a mandatory injunction against that officer requiring him to issue in favor of plaintiff a warrant for the excess fees earned during the first three years of his second term and to continue to issue his warrant for excess fees hereafter collected until the deficiency of the first term was extinguished.

A demurrer was filed to his petition, which was sustained by the trial court, and plaintiff declining to plead further, his petition was dismissed, which judgment he seeks to reverse by this appeal.

Section 98 of the Constitution provides for the compensation of Commonwealth's attorneys and says in substance that they shall be paid a salary out of the state treasury as may be fixed by the legislature, not to exceed the sum of $500.00 per annum, and such percentage of fines and forfeitures as may be fixed by law, providing, however, that no part of any fine or forfeiture shall be paid until they shall be collected and paid into the state treasury. Pursuant to the authority therein conferred, the legislature enacted sections 124 and 125 of the Statutes, to-wit:

Section 124.    "The Commonwealth's attorney shall receive from the state treasury fifty per centum of all judgments for fines and forfeitures rendered in favor of the Commonwealth in the several courts of his district, and this shall be in lieu of all taxes, fees and perquisites; but he shall not be paid or receive any part of said per centum from the treasury except upon such proportion of the fines and forfeitures as have been collected and paid into the state treasury, and not until so collected and paid, unless that portion belonging to the Commonwealth shall be remitted by the Governor."

Section 125.    "No Commonwealth's attorney shall be paid, or receive as compensation for his services as such officer, for any one year, from the state treasury, more than four thousand dollars; and should the salary and per centum of fines and forfeitures allowed under this act to such officer in any district, for any year, exceed said sum of four thousand dollars, said excess shall not be paid to such officers; but the fiscal court or board of commissioners, in counties where, for county governmental purposes, a city is by law separated from the remainder of the county of any county, may allow the Commonwealth's attorney for that county such compensation as they see proper, to be paid as other claims against the county are paid."

These sections of the statute, and the one referred to in the Constitution constitute the whole law of the Commonwealth relative to the compensation of Commonwealth's attorneys.

The only case to which we have been cited, being the one upon which plaintiff relies to sustain his contention, is that of Hager, Auditor v. Franklin, 119 Ky. 542, and the response to the petition for rehearing following the opinion, beginning on page 550 of the same volume. The sole question involved in that case, and the only one upon which the court was authorized to judicially speak, was whether a Commonwealth's attorney in office could apply to the payment of his salary his percentage of fines and forfeitures which, although assessed during a prior year, or even a prior term, were in fact collected and paid into the state treasury during the year in which he claimed the right to appropriate them.

The court construed the sections of the statute, *supra*, so as to permit the incumbent, at the time the fines and

forfeitures were collected and paid into the treasury, to appropriate the percentage of the fees allowed to the office in payment of his current salary for that year in which the payments were made, provided he or his predecessor in office had received his maximum fees for the year in which such fines and forfeitures were assessed, but held that if the latter had not received his maximum salary for the year in which the fines and forfeitures were assessed, he would have the prior right to appropriate the percentage until his maximum salary was satisfied. The latter part of the opinion dealt with and attempted to determine a question not presented by the record, and must therefore be considered as dictum, although we would not now be understood as in any wise disapproving it. We mention the fact only because it is upon the *obiter dictum* part of the opinion that plaintiff in this case bottoms his right to the relief sought. Throughout the Franklin opinion, and the response to the petition for a rehearing, it is manifest that the court regarded the year as the unit in fixing the salary to which the Commonwealth's attorney was entitled, but in doing so it took into consideration two different periods of time, viz., the year in which the fines and forfeitures were assessed in the circuit court, and the year in which they were collected and paid into the state treasury. According to the opinion of the court in that case, the incumbent at the time the fines and forfeitures were assessed had the prior right to the appropriation of the fees when collected, if necessary to make his full salary for that year, but if not so needed, then the fees could be appropriated by the incumbent at the time the fines and forfeitures were collected. Such construction was expressly based upon the theory of services rendered; i. e., that the incumbent at the time the fines and forfeitures were assessed rendered services in procuring such assessment, and the one in office at the time they were collected rendered services in collecting them. Thus the court inferentially determined that an incumbent who rendered no services at any time, either in the assessment or collection of the fines and forfeitures, would under no circumstances be entitled to any part of the fees, which is sound since it is in accord with the maxim that one shall not reap where he hath not sown, or, as is sometimes ex-

pressed in more homely terms, he shall not receive something for nothing.

Aside from all this, a proper construction of the sections of the statute, *supra,* would seem to confine the right to appropriate the percentage of fines and forfeitures to the year when they became available for that purpose, which is the one in which they were collected, subject to the inchoate right of the incumbent in office when they were assessed, if there was a deficiency in his salary for that year. To hold otherwise and construe the sections of the statute as contended for by plaintiff would result in great confusion and uncertainty. His contention is no more nor no less than that the percentage of fines and forfeitures appropriated to the salary of Commonwealth Attorneys constitute a perpetual Commonwealth Attorney's fund, in which neither the Commonwealth nor any one else has an interest, and that any surplus in such fund at any time from the creation of the office until it shall have been abolished may be appropriated by any prior incumbent in the office whose fees did not reach the maximum amount allowed by law. How, may we ask, would any two or more prior Commonwealth attorneys distribute any surplus fund which might have accumulated during succeeding terms when neither of them rendered any service in producing such surplus fund? One would have as much right to its appropriation to satisfy his deficit in salary as the other, and the Auditor would be converted into a mere custodian of the fund and bookkeeper for the various Commonwealth's attorneys as long as that office existed if the payment of the salary and the compensation of the officer remained the same as is now provided by law. Furthermore, to so hold would tend to remove the incentive for industriously discharging the duties of the office which the legislature, as well as the constitutional convention, had in mind when it was provided that Commonwealth attorneys should be paid in part by percentages of fines or forfeitures recovered. That incentive no doubt was to encourage the vigilant prosecution and apprehension of offenders. If an incumbent knows that any deficit in his salary growing out of a lack of assessment and collection of fines and forfeitures may be supplemented some time in the future by a more industrious and vigorous officer earning a surplus, the very purpose of the law in allowing such percentage would be

largely curtailed. So, from any viewpoint, we are unable to arrive at the conclusion that the legislature ever intended that a Commonwealth's attorney rendering no service in either assessing or collecting fines and forfeitures should under any circumstances receive any portion thereof. On the contrary, we hold that each year of the term constitutes the unit, at the end of which the rights of the officer are determined, and if during that year he has neither collected fines previously assessed, nor assessed fines the percentage from which is insufficient to produce a sum equal to his maximum salary, he can not look to the percentage of assessment or the collection of fines during any other year or years of his or any succeeding term to supply the deficit.

This being the view of the trial court, its judgment is affirmed.