## Kennedy et al. v. Cook.

Dec. 20, 1940.

A. E. Funk for appellants.

Duncan & Duncan and J. P. Harrison for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

**R. O. Cook** is the Circuit Clerk of Wayne County. He is also a captain in the National Guard. His unit, Coast Artillery Antiaircraft, has been ordered by the President of the United States into the active military service of the United States for a period of twelve months, effective January 6, 1940. Public Resolution No. 96, 76th Congress, approved Aug. 27, 1940, 50 U. S. C. A. Appendix, Section 401, et seq., and the National Defense Act of June 3, 1916 as amended, 32 U. S. C. A. Section 81 et seq. (Section 1302, Military Laws of the United States, 1939). Subsection (e) of Section 3 of Public Resolution 96 provides that members of a reserve unit below the rank of captain may resign under certain conditions. Cook testified that he made inquiries whether he, being a captain, could resign from the National Guard and that he had 'been informed that he could not. It appears from the record that the primary purpose of the aforementioned Public Resolution and the President's order thereunder is to provide a year's intensive training for the various units of the National Guard. See Hearing Before The Committee On Military Affairs United States Senate Seventy-Sixth Congress, Third Session on S. J. Res. 286 (Public Resolution 96) July 30, 1940. The section of the National Defense Act, 32 U. S. C. A. Section 81, heretofore referred to provides that when the National Guard is ordered into the active military service of the United States, the organization of the units existing at the date of the order shall be maintained intact in so far as possible. The President's order refers to units and members thereof. Section 12 of Army Regulations 130-10, issued March 27, 1940, which deal with the induction of the National Guard into the service of the United States, provides:

> "*No additional oath required.*—Members of the National Guard or National Guard of the United States have no option as to their entry into the military service of the United States in the Army of the United States under a call or order. No additional oath, enlistment contract, or commission is required."

It can be seen from Section 12 and from what has been said that Cook will remain with his unit during the year's training period; that he will be required to take no additional oath, and will make no new enlistment contract; and that he will serve under the com-

mission issued him by the Governor of this Commonwealth.

The question is, Will Cook become a federal officer within the meaning of Section 237 of our Constitution when his unit goes into the military service of the United States for a year's training? If he does, he will forfeit his office as circuit clerk. If he does not, he may take advantage of the provisions of Section 165 of our Constitution. The special trial judge decided this declaratory judgment proceeding in favor of Cook. His judgment recites:

"First: That the plaintiff, R. O. Cook, being a Captain in the Kentucky National Guard and Circuit Court Clerk of Wayne County, Kentucky, under the provisions of Section 165 of the Constitution of Kentucky, does not hold two (2) incompatible offices that since he has been ordered into temporary Federal Service for a period of one (1) year only as shown by the proof, under the provisions of the joint resolution Number 96 of the 76th Congress he does not change his official position but still remains an Officer of the National Guard doing temporary service in the Federal Army but not necessarily becoming a Federal Officer. Therefore he does not come under the provisions of Section 237 of the Constitution of the Commonwealth of Kentucky.

"Second: It is further adjudged from the pleadings and proof in this case that the plaintiff, R. O. Cook, does not forfeit his office of Circuit Court Clerk by being inducted into the Federal Service as it is shown under the proof in this case that he cannot resign his commission in the Kentucky National Guard and is required by the joint resolution to enter the service of the United States Army for a temporary period of twelve (12) months for training purposes."

Section 165 of our Constitution deals with incompatible offices. Notary publics and officers of the militia are exempt from its provisions. Section 237 of the Constitution provides:

"No member of congress, or person holding or exercising an office of trust or profit under the United States, or any of them, or under any foreign power,

shall be eligible to hold or exercise any office of trust or profit under this Constitution, or the laws made in pursuance thereof."

We have no case in point. It is insisted, however, that we have quoted with approval from the case of Fekete v. East St. Louis, 315 Ill. 58, 145 N. E. 692, 40 A. L. R. 650, which involves a similar question, in the case of Waddle v. Hughes, 260 Ky. 269, 84 S. W. (2d) 75. In the Waddle case it was held that a rural mail carrier comes within the provisions of Section 237 of the Constitution, and hence cannot be a member of the board of education of an independent school district. Fekete was elected city attorney of East St. Louis in April, 1917. Shortly thereafter he became a member of the Illinois National Guard and was commissioned by the Governor as a captain. By proclamation of the President of the United States on July 3, 1917, 40 Stat. 1681, issued pursuant to an Act of Congress, 40 Stat. 76, 50 U. S. C. A. Section 226 note, Fekete, along with other national guardsmen, was called into the army and service of the United States Government "to serve for the period of the existing emergency unless sooner discharged." He was commissioned as a captain in the Army of the United States. The ruling of the Illinois Supreme Court was that Fekete vacated his office as city attorney when he became a captain in the Army of the United States. During the course of the opinion it is said [315 Ill. 58, 145 N. E. 693, 40 A. L. R. 650]:

"The decision of the case involves a construction of the provision of Section 3 of Article 4 of our state Constitution, that no person holding any office of honor or profit under the government of the United States shall hold any office of honor or profit under the authority of this state. The same section and article of our Constitution provide that appointments in the militia shall not be considered lucrative. Prior to plaintiff's enlistment in the militia, and his being commissioned captain in that organization, Congress had passed legislation, and authorized the President of the United States by proclamation, which had been issued, to draft in the service of the United States army, to serve during the existing emergency, all members and organizations of the National Guard, to be embraced into organizations corresponding to those of the regular

army. All officers of the National Guard drafted, not above the rank of colonel, were appointed officers in the army of the United States in the grades in which they held commissions as officers of the National Guard, and persons so drafted were discharged from the militia under the act of Congress. After plaintiff was inducted in the United States army he ceased to be a member of the militia, and the provision in the Constitution that appointments in that organization should not be considered lucrative can have no application.

"The Constitution defines an office as a public position created by the Constitution or law, and continuing during the pleasure of the appointing power or for a fixed term, with a successor elected or appointed. An officer of the United States is one who holds office by virtue of appointment by the President or by heads of departments authorized to make appointments. United States v. Mouat, 124 U. S. 303, 8 S. Ct. 505, 31 L. Ed. 463; citing United States v. Germaine, 99 U. S. 508, 25 L. Ed. 482; 3 Cyc. 818. While the appointment of an officer is usually evidenced by a commission, it is not essential to the validity of the appointment that a commission issue. 3 Cyc. 819, 820. All persons drafted in the United States army accepting commissions as officers were made subject to the laws and regulations governing the regular army so far as such laws and regulations were applicable, and they were required to serve during the existing emergency. Officers and enlisted men, under the terms of the act of Congress, received the same pay and allowance as officers and enlisted men in the regular army of the same grades and of same prior service. It is clear plaintiff was not, after his appointment as captain in the United States army, a member of the Illinois National Guard.  *  *  *

"The identical question here involved was decided in Lowe v. State, 83 Tex. Cr. R. 134, 201 S. W. 986. In that case a judge became an officer in the National Guard in 1917, and was later taken by the United States as an officer in the military service. Under a constitutional provision practically identical with ours, the court held when the judge accepted the position of an officer in the military serv-

ice of the United States, and was placed on the pay .roll as such, he vacated his office as judge. * * *"

Other cases are cited in the opinion in support of the conclusion that no one holding a lucrative office under the Government of the United States should be eligible to hold any civil office of profit under the state. The Illinois case and the Texas case referred to therein involved the calling of the National Guard by the President into the Army of the United States in 1917 to serve for the period of the then existing emergency unless sooner discharged. Section 1300, Military Laws of the United States, 1939. As indicated in the quotation from the Fekete case, officers not above the rank of colonel were appointed officers in the Army of the United States. Cook will not be so commissioned.

The unit of which Cook is a member has been ordered for a temporary or limited period of service, and the record shows that the primary purpose of this order is for the intensive training of the National Guard. While it is the usual custom for National Guardsmen to be given 15 days of intensive training each year, Congress has seen fit under present conditions to authorize the President to order the units of the National Guard into the military service of the United States for a period of 12 consecutive months. Cook will still be a captain in his unit (Coast Artillery AA), and will still hold and act under the commission issued to him by the Governor of this Commonwealth. It is clear, under the circumstances, that the Illinois and Texas cases are not in point. We think that the ruling of the special trial judge was correct in holding that Cook will not hold two incompatible offices, and that he does not come within the provisions of Section 237 of our Constitution.

Judgment affirmed.