## Baker et al. v. Dixon.

Sept. 28, 1943.

280

Jesse Morgan for appellant Barney W. Baker.

Hubert Meredith, Attorney General, and M. B. Holifield, Assistant Attorney General, for George Glenn Hatcher, Secretary of State.

Dennis B. Wooton and D. G. Boleyn for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Affirming.

Appellee, William Dixon, is the duly elected and qualified Commonwealth's Attorney of the Thirty-Third Judicial District for the six year term commencing January, 1940. He served as such until he was inducted into the Army under the provisions of the Selective Service Act, 50 U. S. C. A. Appendix sec. 301 et seq., on August 20, 1942. Conceiving that Dixon's induction into the United States Army rendered vacant the office of Commonwealth's Attorney, appellant, Barney W. Baker, filed as a candidate for that office on the Democratic ticket. No one filed in opposition to him, neither has anyone filed as a candidate for the Republican nomination. The suit was instituted by Dixon against Baker and the Secretary of State, seeking an injunction against the appellants to prevent them from placing Baker's name on the ballot of the Democratic Primary which was held August 7, 1943. After the time for filing of declarations for the nomination had expired, the petition was amended and motion made for an injunction, enjoining and restraining the Secretary of State from issuing to Baker a certificate of nomination for the office. By appropriate pleadings the issues were joined, and upon the hearing, the injunction was granted and entered of record.

Section 165 of the Kentucky Constitution provides:

"No person shall, at the same time, be a State officer or a deputy officer or member of the General Assembly, and an officer of any county, city, town, or other municipality, or an employee thereof; and no person shall, at the same time, fill two municipal offices, either in the same or different municipalities, except as may be otherwise provided in this Constitution; but a Notary Public, or an officer of the

militia, shall not be ineligible to hold any other office mentioned in this section.''

Section 237 of the same instrument reads:

''No member of Congress, or person holding or exercising an office of trust or profit under the United States, or any of them, or under any foreign power, shall be eligible to hold or exercise any office of trust or profit under this Constitution, or the laws made in pursuance thereof.''

Although Section 165 of the Constitution of Kentucky is relied upon as prohibiting appellee from continuing to hold the office to which he was elected, it is obvious from a casual reading that it refers only to the incompatibility of the offices within the State, and does not prohibit any other than municipal officers from holding a State office or deputyship under a State officer. However, the question involved turns upon an interpretation of Section 237 of the Constitution, which has been quoted above, and which provides that no person holding or exercising an office of trust or profit under the United States, or any of them, or under any foreign power, shall be eligible to hold or exercise any office of trust or profit under our Constitution, or the laws made in pursuance thereof.

It cannot be doubted that one who has entered into the military service of the United States in a professional capacity would be, under Section 237, ineligible to hold or exercise the office of Commonwealth's Attorney; but, whether it applies to one who has been involuntarily inducted into the armed forces of the United States, in defense of his country in a national emergency, presents a question upon which reasonable minds may differ, and it seems to us that the question of compatibility or incompatibility should be persuasive in arriving at a decision. If an insurrection were to occur within a local community, it could not be said that a state officer called by proper authority to quell the disturbance would thereby forfeit his office. As to the duration of such an insurrection, the courts would not be concerned. Be it for an hour, a day, a month, a year, the character of service to his community would not be altered or changed. He would have the right, indeed it would be his duty, to defend his home and his community from such an uprising. In such an instance, no doubt

all civil law would be suspended, and the full time, attention, and strength of every decent citizen would be expended to its utmost in defense of the community. It would be the equal privilege and duty of such a citizen to defend his county, his state, and his nation. In our minds no distinction can be drawn, or boundary within the country be limited, to such a call of duty; and when, by the supreme law of the land, a citizen is called for the purpose of defense of his country, it will not be presumed that the framers of the Constitution intended that he should forfeit any of the rights of citizenship while he is so temporarily engaged. He may be engaged in military service for a brief period of time, or, such service may extend beyond his term of office; but the very fact that the period of time he will be required to serve with the military forces is indefinite is the quality which characterizes such service as temporary. The test of incompatibility is not to be measured by physical inability to personally discharge the duties of the offices; it must be tested by the measure of consistency of the duties involved. Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122.

The same question has been presented to courts of other states, and the decisions thereon are in conflict, although the vast majority are in conformity with our opinion. In Re Opinion of Justices, 307 Mass. 613, 29 N. E. (2d) 738, it was held that the simultaneous holding of the offices of Justice of the Superior Court of Massachusetts and of member of local draft or appeal board under the Selective Training and Service Act of 1940, 50 U. S. C. A. Appendix sec. 301 et seq., was not within the prohibition of the Massachusetts Constitution, providing that no person who holds a judicial office under the United States shall hold any judicial office of the Commonwealth of Massachusetts, and such simultaneous holding of the offices there under consideration did not violate any principle of the common law with reference to the holding of incompatible offices. In Martin v. Smith, 239 Wis. 314, 1 N. W. (2d) 163, 140 A. L. R. 1063, it was held that the President of the State University was not prohibited from serving as an administrator of the Selective Training and Service Act under the constitutional provision that:

"No * * * person holding any office of profit or trust under the United States * * *, shall be eligible

to any office of trust, profit or honor in this state.''
Const. Wis. Art. 13, sec. 3.

In Re Advisory Opinion to Governor, 150 Fla. 556, 8 So.
(2d) 26, 140 A. L. R. Annotation p. 1481, it was held
that the induction of the sheriff of a county as Captain
into the United States Army Reserve does not consti-
tute the holding or the exercise of the functions of an
officer under the government of the United States, so as
to disqualify him from holding an office under a con-
stitutional provision that:

> ''No person holding or exercising the functions of
> any office under any foreign Government, under the
> Government of the United States, or under any
> other State, shall hold any office of honor or profit
> under the government of this State.'' Constitution
> Fla. Art. 16, sec. 15.

The decision in that particular instance was based upon
the fact that militia officers were excepted from the con-
stitutional provision, even as they are in our own juris-
diction; and that opinion further holds that the induc-
tion of a county superintendent of public instruction
into the military service of the United States is gov-
erned by the same consideration. In the case of McCoy
v. Board of Supervisors of Los Angeles County, 18 Cal.
(2d) 193, 114 P. (2d) 569, it was held that the County
Engineer did not vacate his office when he was ordered
to active duty as a Major in the Marine Corps Reserve
of the United States, under the constitutional provision
that:

> ''No person holding any lucrative office under the
> United States, or any other power, shall be eligible
> to any civil office of profit under this State.'' Con-
> stitution Cal. Art. 4, sec. 20.

The Court commented that the occupancy by the incum-
bent was merely suspended and the office was not va-
cated. In State ex rel. McGaughey v. Grayston, 349 Mo.
700, 163 S. W. (2d) 335, it was held that a Circuit Judge
who was called into the military service of the United
States as a Colonel in the National Guard, did not there-
by vacate his position, since he did not become the holder
of an office of profit within the meaning of a constitu-
tional provision that:

> ''No person holding an office of profit under the

United States, shall, during his continuance in such office, hold any office of profit under this State.'' Mo. R. S. A. Const. Art. 14, sec. 4.

The opinion pointed out that professional service in the regular Army would be incompatible with a civil office, but that temporary military service rendered to meet the exigencies of a military emergency is not incompatible with holding civil office under the State. In Gullickson v. Mitchell, 113 Mont. 359, 126 P. (2d) 1106, the Court held that induction into the military service of the United States did not vacate the office of State Attorney General. In State ex rel. Thomas v. Wysong, W. Va., 24 S. E. (2d) 463, it was held that a person holding a temporary appointment as an officer in the United States Army in time of war, as distinguished from a professional soldier, did not render him ineligible to hold the office of Attorney General under a constitutional provision similar to ours.

The thoughts permeating the opinions in the above-styled cases are likewise upheld by the Supreme Court of the United States, as expressed in Carpenter v. Sheppard, 135 Tex. 413, 145 S. W. (2d) 562, in which case a writ of certiorari was denied in 312 U. S. 697, 61 S. Ct. 734, 85 L. Ed. 1132. Therein it was held that the Chairman and Executive Director of the State Unemployment Compensation Commission of the State of Texas did not vacate his office when he was called into the service and appointed a Major in the United States Army under a State constitutional provision to the effect that,

> ''No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State.'' Vernon's Ann. St. Tex. Constitution art. 16, sec. 12.

In Critchlow v. Monson, Utah, 131 P. (2d) 794, the Court held that a constitutional provision to the effect that,

> ''No person, while holding any office under the United States' Government, shall hold any office under the State government,'' Constitution Utah, art. 7, sec. 23,

was not directed against officers in the military service of the United States, who are to serve only for the dura-

tion of the war, and who will return to their civil pursuits on the cessation of hostilities. This Court in Kennedy v. Cook, 285 Ky. 9, 146 S. W. (2d) 56, 132 A. L. R. 251, did not have the precise question before it, but therein we held that a Captain of the National Guard inducted into the military service of the United States under the National Defense Act, 32 U. S. C. A. sec. 81 et seq., did not forfeit his position as Circuit Clerk. The service for the Federal Government in that case was mere training and for the duration of one year only, and during which time the office holder was serving under a commission issued by the Governor of the State.

A few jurisdictions have held to the contrary, viz., Commonwealth ex rel. Crowe v. Smith, 343 Pa. 446, 23 A. (2d) 440; State ex rel. Cooper v. Roth, 140 Ohio St. 377, 44 N. E. (2d) 456; Perkins v. Manning, Ariz., 122 P. (2d) 857.

Thus, it will be seen, the vast weight of authority favors the view that involuntary induction into the armed forces of the United States in time of emergency does not work a forfeiture of a state office held by the inductee. It is obvious that the primary purpose of the constitutional provision is to prohibit a separation of allegiance from one sovereign to another, and to prevent a division of loyalty justly due the sovereign to which the officer is in the first instance duty bound. In case of a national emergency, engaging in the military service of the United States, ipso facto, intensifies one's loyalty and allegiance to his sovereign state, and by reason thereof, he is in position to render better and more urgently needed service to the Commonwealth than if he were engaged in ordinary civil pursuits. Although the public is entitled to the services of the one they select to represent the Commonwealth in criminal actions, their desire in that respect must yield to the welfare of the country as a whole. Nevertheless, they should not be deprived of such services upon the cessation of hostilities and a resumption of normal peacetime activity. In the interim, the Commonwealth will not suffer from loss of services of an attorney. The exigencies of the situation are amply provided for in KRS 69.060, which recites:

> "If the Commonwealth's attorney is absent at any term or part of a term of a circuit court, the circuit judge may appoint a suitable attorney to act as

Commonwealth's attorney during his absence. The judge shall enter an order allowing the person appointed seven dollars per day, to be paid out of the State Treasury on certificate of the circuit court clerk. In addition the pro tem attorney shall have one-half the per centum allowed the Commonwealth's attorney. The judge shall not appoint an attorney to act in the place of the Commonwealth's attorney unless he and the county attorney are both absent, or are related to or counsel for the accused, except that in cases of felony the judge may appoint a pro tem Commonwealth's attorney even though the county attorney is present and not disqualified.''

Since the views of the Chancellor are in accord with those expressed in this opinion, the judgment is affirmed.