## City of Monticello v. Tate.

Feb. 8, 1944.

Duncan & Duncan for appellant.

E. Bertram for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

Leland P. Tate was elected police judge of the city of Monticello for a four-year term beginning in January, 1942. He was inducted into the United States Army under the Selective Service Act, 50 U. S. C. A. Appendix sec. 301 et seq., in April, 1943. The city council designated a substitute judge to act in Tate's absence, and has been paying him $50 a month, the salary fixed by the council for the office. Tate instituted this action to recover his regular salary, and to enjoin the council from removing him from office, or "any way interfering with him at any time in the discharge of the duties pertaining to his said office." The judgment directed that Tate be paid his regular salary, and that the order designating a substitute judge was void.

The recent cases of Baker v. Dixon, 295 Ky. 279, 174 S. W. (2d) 410, and Caudel v. Prewitt, 296 Ky., 848, 178 S. W. (2d) 22, put to rest the question of whether a public officer vacates or abandons his office when he responds to a mandatory call for service in the armed forces of the Federal Government. Since those cases adequately set forth the reasons for our holding that such an officer does not vacate or abandon his office, it is unnecessary for us to discuss the question herein. This case, however, puts squarely before us the question of whether a public officer may receive compensation from a civil office while he is serving in the armed forces. There is presented also the question of whether a city of the fifth class may designate and pay a substitute judge while the regular police judge is serving in the armed forces.

An examination of the Baker and Caudel cases, supra (especially the latter), will show we take the position the officer's occupancy or holding of his civil office is merely suspended while he is serving in the armed forces, and should he be demobilized before the expiration of his term he could immediately enter upon the duties of his office. A review of the foreign cases cited in those cases will reveal that in only a few instances has question been raised relative to the right of an officer to receive compensation from his civil office while serving in the armed forces. It stands to reason that, since his occupancy or holding of his office is suspended while he is serving in the armed forces, he would not be entitled to receive compensation therefrom. He is not in position to perform any duties of his office. Certainly, the functions of an office such as the one here in-

volved must be carried on, and it is only reasonable to conclude that the person who performs them should be compensated therefor.

In the case of Frazier v. Elmore, Tenn., 173 S. W. (2d) 563, the Supreme Court of Tennessee held a county judge whose office was held open for him by reason of a recently enacted statute was not entitled to compensation while he was serving in the armed forces. The case of Carpenter v. Sheppard, 135 Tex. 413, 145 S. W. (2d) 562, held that the chairman and executive director of the Texas Unemployment Compensation Commission, who was also a major in the State Guard, and later became a major in the United States Army, did not vacate his office, and was entitled to the compensation of his civil office. The ruling seems to have been based upon the idea that the officer, in so far as Texas was concerned, continued as an officer in the National Guard. In the case of Martin v. Smith, 239 Wis. 314, 1 N. W. (2d) 163, 140 A. L. R. 1063, Mr. Dykstra, who was president of the University of Wisconsin, and also served as Administrator of the Selective Training and Service Act, was held not to be a public officer, and was therefore entitled to receive his salary as president of the University while holding the federal office.

Regardless of whether the rulings in the Texas and Wisconsin cases may be deemed sound, or distinguishable from the question involved in the case before us, we are definitely of the opinion that a public officer is not entitled to the emoluments of his office while he is serving in the armed forces. As heretofore pointed out, his occupancy or holding of his civil office is suspended, and we fail to see how it can be contended seriously that he is entitled to remuneration therefrom under such a condition. The second question gives us no serious concern. KRS 26.270 provides: "The city legislative body of each city of the fifth and sixth classes shall provide by ordinance who shall act in the place of the police judge when he is absent or cannot preside, or has been sworn off the bench."

Clearly, under this authorization, the city council of Monticello had a right to designate a substitute judge to act in Tate's absence. It does not stand to reason that the council should be granted the right to designate such an officer and not be authorized to compensate him. The substitute judge is performing the duties Tate

would have been called upon to perform had he not been inducted into the Army, and the city is doing nothing more than pay the substitute the compensation which would have been paid to Tate. We see nothing wrong with this.

Judgment reversed, with directions to set it aside, and for the entry of a judgment consistent with this opinion.

Whole Court sitting.