## Whitworth v. Miller et al.

Feb. 15, 1946.

Robert M. Spragens and Smith & Leary for appellant.

Eldon S. Dummit, Attorney General, and M. B. Holifield, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Reversing.

This declaratory judgment action was brought by Milton T. Whitworth, Commonwealth's Attorney for the Ninth Judicial District, against Clarence Miller, Commissioner of Finance, and T. W. Vinson, Treasurer of the Commonwealth, to recover the emoluments of his

office during his absence in the armed forces from January 21, 1942, to April 10, 1945, and to obtain a judicial determination of whether or not the appellees may withhold receipts of his office until the Commonwealth is reimbursed for the amount paid him during that interim. A general demurrer was sustained to the petition and upon appellant declining to plead further the petition was dismissed and he appeals.

The facts appearing herein are taken from the petition as amended. Appellant was elected in November 1939 for a term of six years beginning on January 1, 1940. Upon assuming office he served until January 21, 1942, when he was inducted into the United States Army under the provisions of the Selective Training and Service Act of 1940, 50 U. S. C. A. Appendix, sec. 301 et seq.

Before entering the Army he privately employed to perform his official duties Hon. Allen P. Cubbage, a competent lawyer who had served with great distinction as Commonwealth's Attorney for that district. Mr. Cubbage received no compensation from the State but was paid directly by Mr. Whitworth a certain percentage of the emoluments of the office. Cubbage competently performed all duties of the office in the name of "M. T. Whitworth, Commonwealth's Attorney, by Allen P. Cubbage", from January 21, 1942, to April 10, 1945. As we gather from the record, the Commissioner of Finance paid Whitworth $5,381.87 from January 21, 1942 to April 1, 1944, as the full compensation of the office, but refused to make any payments after that date. This refusal, we presume, was based upon our opinion in City of Monticello v. Tate, 296 Ky. 569, 178 S. W. 2d 27.

After serving in Europe, Whitworth was discharged from the army, returned to his home and resumed his duties as Commonwealth's Attorney in April 1945. In November 1945, he was re-elected Commonwealth's Attorney but the appellees have refused to pay him any of the emoluments from his office since April 1, 1944, and insist that he is due nothing until the State is reimbursed the amount paid him for services he did not perform during his absence from office from January 1, 1942, to April 10, 1945.

In pursuance to sec. 235 of our Constitution, that the General Assembly shall "regulate, by a general law, in what cases and what deductions shall be made for

neglect of official duties'', KRS 61.120 was passed providing any officer paid out of the State Treasury who fails or neglects to perform his duties, without good excuse set out in his affidavit, shall have so much of his salary deducted as is necessary for the payment of a special officer to perform the duties of the office. The General Assembly further provided in KRS 61.130 that the Circuit Judge shall enforce KRS 61.120 as to Commonwealth's Attorneys by an order entered of record, a copy of which shall be forwarded to the Department of Finance. Whitworth filed his affidavit showing he did not perform the duties of his office from January 21, 1942, to April 10, 1945, because he was in the army and during that time Cubbage performed them for him. Hon. George K. Holbert, Judge of the Ninth Judicial District, entered an order that the affidavit constituted a sufficient reason to excuse Whitworth's failure, and the order recited that such duties in each of the four counties of the district were capably performed by Cubbage during Whitworth's absence, which order was forwarded to the Department of Finance.

It is insisted by appellant that as he was in the army during his absence from office he was guilty of no neglect of duty and that his affidavit, as approved by the order of Judge Holbert, excused him from having any deduction made from the emoluments of his office since it showed he employed Cubbage to perform his official duties. Appellees rely upon KRS 64.410 to the effect that no officer shall receive any fee for his services not actually performed, and the Tate case, 296 Ky. 569, 178 S. W. 2d 27, wherein we held that an official's occupancy of his office was suspended during his service in the armed forces and that he was not entitled to the salary of the office during that interim.

Appellant counters with the argument that KRS 64.410 applies only where there is a fee paid for a specific service, and that the Tate case can be distinguished from the instant one, or if not, then it should be overruled. Appellant further contends that the common-law rule is to the effect that the right of compensation is incidental to the title to public office and not to the exercise of the functions of the office, and the fact that the officer performed no duties or services does not deprive him of the right to compensation, provided his conduct does not amount to an abandonment of office,

citing 43 Am. Jur. "Public Offices" secs. 340, 379, pages 134 and 161; 46 C. J. sec. 233, p. 1014.

The contention of appellant that KRS 64.410 in providing that no officer shall receive any fee for services not actually performed refers to a specific fee for a specific service and not to the general emoluments of an office, like that of Commonwealth's Attorney, has been decided against him. Gilliam v. Greene, 185 Ky. 238, 214 S. W. 889, and Craig v. Shelton, 201 Ky. 790, 258 S. W. 694. And the common-law rule upon which appellant relies was discarded when we adopted our present Constitution in 1891 and with the enactment of KRS 61.120 and 64.410 in 1893.

Appellant relies upon Auditor v. Boyd, 9 Ky. Opin. sec. 519, and Auditor v. Adams, 52 Ky. 150, but they were decided long before the present Constitution was adopted, hence they are not controlling. When secs. 97, 98 and 108 of our Constitution are considered with secs. 235, 42 and 106 of that instrument, along with the tenor of the Constitutional Debates, it is plain that it was the intention of the Convention that no officer shall receive the emoluments of his office while absent therefrom, not temporarily but for an extended period. To make sure this intention was carried out, and in conformity with the constitutional mandate, the General Assembly, in 1893, enacted KRS 61.120 and 64.410. Nor have Bernard v. Humble, 298 Ky. 74, 182 S. W. 2d 24, and Hubbard v. Ledford, 258 Ky. 704, 81 S. W. 2d 569, any application since they only hold that a de jure officer may recover from a de facto officer the net proceeds of the office although the former performed none of the duties.

We are cited to White v. State, 123 Ala. 577, 26 So. 343, by appellant and to City of Pineville v. Collett, 294 Ky. 853, 172 S. W. 2d 640, by appellees. Neither of these opinions are of assistance as they relate to neglect of duty and we have no such question before us. Whitworth is certainly not guilty of any neglect of duty. He was drafted into the army as an enlisted man and thereby was forced to vacate the occupancy of his office and our sympathies are with him in the unfortunate position in which he finds himself. It was impossible for him to perform his duties while in the army and the question confronting us is whether he is entitled to the emoluments of his office in the circumstances.

We held in Baker v. Dixon, 295 Ky. 279, 174 S. W. 2d 410, and Caudel v. Prewitt, 296 Ky. 848, 178 S. W. 2d 22, that a public officer does not vacate or abandon his office in responding to a mandatory call to serve in the United States Armed Forces. But in the Tate case, 296 Ky. 569, 178 S. W. 2d 27, it was said that when a city police judge was inducted into the army his occupancy, or holding, of the office was suspended during the time of his army service and that he was not entitled to the remuneration of his civil office during the period spent in the army.

An attempt is made by appellant to distinguish the instant case from the Tate opinion on the theory that there is no constitutional or statutory provision calling for the deduction from the salary of a municipal officer who fails to perform his duties, while there is such provision for deduction from the salary of state and county officers. We do not regard this attempted distinction as one of substance and we are by no means convinced by appellant's argument that the Tate case is unsound. While appellant is not entitled to the emoluments of his office under the Tate opinion, we will see that on the theory of subrogation he should recover the amount to which Cubbage was entitled for performing the duties of the office in appellant's absence, since Cubbage was paid by him.

Appellant, Whitworth, does not contend he had any statutory authority to appoint Cubbage as substitute Commonwealth's Attorney during his absence, nor could it be so contended with any degree of reason in the light of our statutes. It is provided in KRS 69.060 that if the Commonwealth's Attorney is absent at any term of circuit court, the circuit judge may appoint a suitable attorney to act as Commonwealth's Attorney during his absence to prosecute felony cases by entering an order to that effect which order shall allow the pro tem. attorney $7 per day and in addition thereto he shall receive one-half the per centum allowed the Commonwealth's Attorney, which means the per centum of forfeitures the Commonwealth's Attorney receives in felony cases, as well as of the fines he receives in prosecutions which start as felonies and end as convictions for misdemeanors, and one-half the sums the Commonwealth's Attorney should realize from the prosecution of penal actions.

We regard the order entered by Judge Holbert as

his appointment of Cubbage as the pro tem. Commonwealth's Attorney to serve in every county of the district at every term from which Whitworth was absent, and as such pro tem. official Mr .Cubbage is entitled to the remuneration as provided in KRS 69.060, to-wit, $7 per day for each and every day during each term of circuit court in the district in which he was engaged in prosecuting felony cases and one-half of the forfeitures and fines the Commonwealth's Attorney should receive in prosecutions which started as felonies and resulted in convictions for misdemeanors, and one-half the sums the Commonwealth's Attorney should realize from the prosecution of penal actions.

Mr. Cubbage has been paid, not by the Commonwealth, but by Mr. Whitworth out of his private and individual funds under the mistaken belief he would receive the emoluments of his office and that he had the legal authority to pay Cubbage to perform such duties for him.  Surely, in such circumstances the Commonwealth does not desire to take an undue advantage of Whitworth and have him pay a pro tem. Commonwealth's Attorney to whom the Commonwealth was indebted.  Especially is this true when Whitworth was receiving the meager pay drawn by an enlisted man and was fighting to defend the Commonwealth and all that it holds dear.  It has been said, ''The Commonwealth should act like a gentleman'', and certainly there is no better instance for this wholesome theory to be applied than in the case at bar.  Without a doubt, Cubbage would have a claim against the Commonwealth had Whitworth not paid him and this entitles Whitworth, by way of subrogation, to a claim against the Commonwealth for all sums to which Cubbage would be entitled as pro tem. Commonwealth's Attorney.  But any and all sums Whitworth thus receives through being subrogated to Cubbage's claim against the Commonwealth will be credited against the actual amount paid Whitworth for the time he was out of the occupancy of his office and in the army.  No part of the emoluments of the office earned by Whitworth after resumption of the duties thereof shall be paid to him until the Commonwealth is reimbursed for the difference between what it wrongfully paid him and the amount to which he is entitled to credit by being subrogated to Cubbage's claim, since KRS 44.030 forbids the payment of money by the Com-

monwealth to any one indebted to it until that debt is satisfied.

The judgment is reversed for the entry of one in conformity with this opinion.