## Miller et al. v. Robertson.

February 20, 1948.

William B. Ardery, Judge.

654

Eldon S. Dummit, Attorney General, M. B. Holifield and Ben B. Fowler, Assistant Attorneys General, for appellants.

Smith & Leary for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal is by the finance officials of the state from a judgment in favor of Beckham A. Robertson for $10,826.05 for unpaid compensation as Commonwealth's Attorney for the Sixth Judicial District. It challenges the constitutionality of an Act of 1946, c. 123, now KRS 69.065, as well as the construction given the act by the trial court.

The appellee entered upon his duties as Commonwealth's Attorney for a term of six years beginning January 1, 1940. He accepted a commission as an officer in the United States Naval Reserve in August, 1942, and continued in active service until September 1, 1945. He then resumed his office as Commonwealth's Attorney. When he entered the Navy, Mr. Robertson filed with the Circuit Court an appropriate affidavit that he would be absent for the duration of the war and unable to perform his duties as Commonwealth's Attor-

ney, in order that the court might appoint a pro tempore officer. KRS 69.060. It does not appear, however that such an appointment was made. Soon thereafter, upon advice that there was a vacancy in the office, the Governor appointed Herman A. Birkhead as Commonwealth's Attorney for the district. In November, 1943, Mr. Birkhead was elected for the unexpired term. He performed the duties as the regular Commonwealth's Attorney until this court had held that on becoming an officer in the armed forces of the country such an official did not abandon or forfeit his office; that its occupancy, or the performance of its duties, was merely suspended during the emergency. Baker v. Dixon, 295 Ky. 279, 174 S. W. 2d 410; Caudel v. Prewitt, 296 Ky. 848, 178 S. W. 2d 22. About the same time we made the same decision as to a police judge. In that case we specifically held that the regular police judge was not entitled to the compensation or emoluments of the office. City of Monticello v. Tate, 296 Ky. 569, 178 S. W. 2d 27.

When these decisions had become final, the Circuit Court appointed Mr. Birkhead as pro tem. Commonwealth's Attorney, but he served only eight days in that capacity before the return of Mr. Robertson. During all the time, from August, 1942, until May, 1944, Mr. Birkhead had received the salary of $500 per year and the full percentage of fines and forfeitures, which constitute the compensation of a Commonwealth's Attorney until the maximum sum is reached. KRS 69.050. The total amount is $6,953.01.

Because of the complications, the State Commissioner of Finance and Treasurer declined to pay Mr. Robertson the stipulated statutory compensation either for the time he was in the Navy or after his return. After the Act of 1946 had become effective, Mr. Robertson filed this suit against those officials for a declaration of rights and a mandamus to compel payment. He claimed full compensation for the entire period, less $56 which had been paid Birkhead as Commonwealth's Attorney pro tem. As we have stated, the trial court held him to be entitled to recover that sum, $10,826.05.

In Whitworth v. Miller, 302 Ky. 24, 193 S. W. 2d 470, we decided that a Commonwealth's Attorney was not entitled to any compensation for the period of his

absence in the army and should account to the State for what he had received, less what had been paid one whom we regarded as having served as a pro tem. officer under KRS 69.060. The decision rests primarily upon the statutes, KRS 61.120, 61.130 and 64.410. The first section, 61.120, requires a deduction of a proportionate sum from the salary of any public officer who fails or neglects to perform his duties without a good excuse, a record of which must be made. The sum deducted is to be applied to the payment of the special officer who performs those duties. The second section, 61.130, imposes the duty upon the Circuit Judge to apply this law to a Commonwealth's Attorney of the district. The third section, 64.410(c), prohibits the payment of "Any fee (bill) for services not actually rendered." It was observed in the Whitworth opinion that these statutes effectuated the provision of Section 235 of the Constitution which requires the General Assembly to "regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties." We also took note of Sections 97, 98 and 108 of the Constitution, which relate specifically to the office of Commonwealth's Attorney, in connection with certain other sections.

The Act of 1946, KRS 69.065, was enacted immediately following the decision in the Whitworth case. It evinces a legislative construction of Section 237 of the Constitution in accord with our judicial interpretation, that there was no abandonment of the State office by entering the armed forces of the nation. Prima facie, it confirms our construction of the statutes with respect to the deductions from compensation as declared in the Whitworth case, and undertakes to remedy the situation by making payment of the deducted compensation to these officers retroactively.

We summarize the provisions of the Act. Any Commonwealth's Attorney who had served or who may hereafter serve in the armed forces of the United States shall have deducted from his compensation the total sum paid under the provisions of KRS 69.060 to a Commonwealth's Attorney pro tem. during the temporary absence of the regular officer. Except that sum, every Commonwealth's Attorney shall be paid in full the compensation prescribed in KRS 69.050. A second section

of the Act declares the intent and purpose of the Legislature "to do justice" to those officials since their duties had been performed during their absence by others qualified to do so, and that the State has "no moral or equitable claim or right to profit by the retention of fines and forfeitures which were collected and paid into the State Treasury," which otherwise the State would not have been entitled to retain.

The Attorney General, representing the appellants, takes the position that this statute is wholly unconstitutional because it violates Secions 3, 161 and 235 of the Constitution.

1. Section 3 proclaims the equality of men in our social compact and, among other things, declares that no grant of "separate public emoluments or privileges shall be made to any man or set of men, except in consideration of public services." This particular provision has not been, nor should it be, too strictly interpreted, else public service and public welfare would suffer. Thus, it would bar the establishment and maintenance of charitable and penal institutions and prohibit a great variety of appropriations of public funds for the discharge of an inherent public duty. Cf. State Board of Charities and Corrections v. Hays, 190 Ky. 147, 227 S. W. 282, 283; Bowman v. Frost, 289 Ky. 826, 158 S. W. 2d 945. See also concurring opinion in Talbott v. Thomas, 286 Ky. 786, 802, 151 S. W. 2d 1, 9. The right of a public officer to a salary or other emoluments is an incident to the office he occupies. The incumbent is under the legal obligation to give his personal attention to the performance of the duties of the office, "But," as stated in 43 Am. Jur., Public Officers, Section 379 "this does not mean that he shall lose his title to the office or his right to the emoluments or salary connected with it because he may be absent or away from the office for a short, occasional, or even a protracted, period of time and does not during such period of time personally give his time and attention to the duties of the office. This is true whether he is absent from office through illness or upon purely personal business, and even though during his absence the duties of the office devolve upon another officer who by law is entitled to compensation for performing them."

If the provision of Section 3 of the Constitution is rigidly construed and enforced, a public officer or employe would be denied his pay if he should be absent from his work on account of illness or vacation even for one day, or part of a day. We do not think that is the intent of the provision, particularly since in Section 235 the Legislature is charged with the duty to enact a statute declaring in what cases and what deductions shall be made for neglect of official duties, and, further, in Section 227 for the removal of certain local officers.

2. We do not regard Section 161 of the Constitution to have any application, for it deals exclusively with the compensation and tenure of county and municipal officers. A Commonwealth's Attorney is a state officer, vested with sovereign power. Talbott v. Park, 256 Ky. 534, 76 S. W. 2d 600.

3. We need not concern ourselves with the consideration of the prospective feature of the Act of 1946. The question is its retroactive application, for the appellee had resumed his office and his term had expired before the passage of the Act. The question is to be solved under Section 235 of the Constitution, which is as follows: "The salaries of public officers shall not be changed during their terms for which they were elected; but it shall be the duty of the General Assembly to regulate, by general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also."

The appellant contends that the Act purports to change the compensation of the several Commonwealth's Attorneys, situated as was the appellee, during their respective terms of office. The appellee offers an able defense to the attack. His argument rests upon several premises. One of them is that Section 235 is confined to "salaries," and that the Act does not in fact change either the salary or other emoluments of the office. Several ingenious arguments are made.

The germane part of Section 235 is in one sentence, and it would seem that the second clause, relating to deductions for neglect of duty, was intended only as an explicit exclusion to make clear the first clause, barring

any change in salaries. But the section has been generally regarded as containing two distinctive mandates. At least, it has been so regarded by the Legislature. It does not appear that this court has ever had an occasion to consider the point, and it is of no consequence in the instant case, for under either view the second provision is a qualification of the first.

The subject of compensating the Commonwealth's Attorneys is covered by both the constitution and the statutes. Section 98 of the constitution is as follows: "The compensation of the Commonwealth's Attorney shall be by salary and such percentage of fines and forfeitures as may be fixed by law, and such salary shall be uniform in so far as the same shall be paid out of the State Treasury, and not to exceed the sum of five hundred dollars per annum; but any county may make additional compensation, to be paid by said county. Should any percentage of fines and forfeitures be allowed by law, it shall not be paid except upon such proportion of fines and forfeitures as have been collected and paid into the State Treasury, and not until so collected and paid."

The statute in effect during appellee's term of office, 69.050, KRS, Edition of 1942, is in part as follows: "Each Commonwealth's Attorney shall receive an annual salary of $500 to be paid out of the State Treasury. In addition thereto and in lieu of all taxed fees and perquisites he shall be allowed the sum of $3,500 per annum out of the fines and forfeitures rendered in favor of the Commonwealth in the several courts in his district, to be paid monthly out of the fines and forfeitures collected and paid into the State Treasury each month. Except as provided in KRS 150.160 he shall receive forty percent of all fines and forfeitures recovered in prosecutions before any county judge or magistrate and all of the fines and forfeitures rendered in circuit court except that part now allowed the circuit clerk and the county attorney."

Thus, there was a fixed sum of $500 as salary and a maximum sum of $3,500, payable out of the State Treasury, contingent upon the fines and forfeitures received into the Treasury amounting to such sum; and by

another statute, KRS 69.060, that amount was subject to reduction by any amount of compensation which might become payable to a pro tem. officer.

Theretofore, in enacting KRS 69.060, the Legislature had ignored any possible absence of the Commonwealth's Attorney or failure to perform his duties except where both he and the County Attorney were absent or disqualified, or where the Judge in his discretion should appoint a substitute for the trial of a felony case. That law is still in effect, although it may be said to have been partially modified by the Act of 1946.

We agree with appellee that the first part of Section 235 is a mandate, but the second part requires legislative action to put it into effect. Therefore, it is left open for the Legislature to deal with the subject of deductions for neglect of official duties. It has power to determine "in what cases" and in what amount to increase or decrease the deductions. It is evident by the early enactment of what is now KRS 69.060 (Acts of 1892, Chap. 100, Sec. 24; Acts of 1893, Chap. 192, Sec. 13), that the Legislature regarded this constitutional provision as embracing the absence or disqualification of a Commonwealth's Attorney.

The Act of 1946 makes the same provision for reduction, though in more explicit language. Under our construction of the previous statutes, the difference stayed in the Treasury. The Act declares it shall be paid the Commonwealth's Attorney notwithstanding his absence. Under our interpretation, the entire sum was deductible. The present act declares, in effect, that none of it should have been or shall be deducted. The act really deals with deductions, and that, as pointed out, is a matter left open for legislative action.

We look again to the first provision of Section 235 prohibiting a change in the salary of public officials during their term. No change whatever was made in the remuneration or total sum payable to the Commonwealth's Attorneys. It is confined to providing that there should be no other deduction than that made to pay a substitute. In Butler v. Stephens, 119 Ky. 616, 84 S. W. 745, 27 Ky. Law Rep. 241, the question arose as to the constitutional power of the legislature to reduce the sum receivable by the incumbent of the office

of Commonwealth's Attorney in his original judicial district by reason of the loss of two of his counties in the creation of a new one. The court regarded, or rather conceded, that the entire compensation of a Commonwealth's Attorney is "salary," but held that the extent of the limitations of Section 235 was to deny the Legislature the power to increase or diminish the $500 sum certain, or to provide a less or greater percentage of the fines and forfeitures going to compensate the Commonwealth's Attorney; also, that he took his office subject to the power of the Legislature to change his district with the consequent loss in the amount of compensation. Of like effect is Carl v. Thiel, 211 Ky. 328, 277 S. W. 485. The same may be said concerning the power of the Legislature to regulate deductions from an officer's compensation, whether it be to his advantage, as in this case, or to his loss. This principle is also recognized in the conclusion that an officer must take the consequences of the repeal of a statute which gave him compensation for performing the duties imposed upon him. Walker v. Commonwealth, 279 Ky. 198, 130 S. W. 2d 27.

Another consideration is the interpretation of both sections 161 and 235 of the Constitution that the stability of the salary or compensation of a public officer rests upon the term of office as a unit, and that no change is permissible regardless of the different incumbents during the term, the object of the constitutional provisions being thereby met irrespective of who shall receive the fixed compensation. See, for instance, Bosworth v. Ellison, 148 Ky. 708, 147 S. W. 400; Whitley County Board of Education v. Rose, 267 Ky. 283, 102 S. W. 2d 28. The Act of 1946 does not increase or decrease the compensation established for the term of office. It concerns, we may repeat, who is entitled to receive a part of that compensation—whether the elected officer or the State, as a saving by reason of his having gone to war and obtaining the legal service for less cost of a substitute lawyer who prosecuted offenders of the law who paid the money as penalties.

4. Our conclusion is that the Act of 1946, KRS 69.-065, does not offend the Constitution and is applicable to the remuneration of the appellee.

5. It does not follow, however, that the appellee is entitled to recover of the Commonwealth the full sum he would have received had he performed the duties of his office during the period of his absence. Mr. Birkhead was never appointed and never served as Commonwealth's Attorney pro tempore, except the last eight days. He served by virtue of an invalid appointment and subsequent election as the permanent or regular Commonwealth's Attorney. Serving in good faith under color of title to the office, he was a de facto officer. Wendt v. Berry, 154 Ky. 586, 157 S. W. 1115, 45 L. R. A., N. S., 1101, Ann. Cas. 1915C, 493. And compensation paid him cannot be recovered by the Commonwealth. McKenna v. Nichols, 295 Ky. 778, 175 S. W. 2d 121. If the appellee as the de jure officer should be paid, it would result in the state having paid twice for the same service, and that is contrary to public policy and a well-settled judicial determination. He cannot, therefore, recover from the Commonwealth the amount received by the de facto officer. Nall v. Coulter, 117 Ky. 747, 78 S. W. 1110, 4 Ann. Cas. 671; Wagner v. City of Louisville, Ky., 117 S. W. 283; Walters v. City of Paducah, Ky., 123 S. W. 287; Cottongim v. Stewart, 283 Ky. 615, 142 S. W. 2d 171; McKenna v. Nichols, supra. The Act of 1946 which we have been considering does not undertake to change the law in this respect.

The amount paid the de facto officer is $6,953.01, according to the allegations of the petition. If that be correct, then according to the pleadings the appellee is entitled to a judgment declaring his right to receive $3,873.04, and appropriate orders for enforcement.

The judgment is reversed for consistent proceedings.