379 A.2d 922.

HENRY V. DAVIS *vs.* RAYMOND H. HAWKSLEY *et al.*

NOVEMBER 17, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C.J.   This is an appeal from a judgment in a civil action. The trial justice, under Super. R. Civ. P. 12(b)(6), granted defendants' motion to dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted.

The plaintiff filed a complaint in the Superior Court alleging that Justice Needham, commissioned a colonel in the United States Army Reserve on May 9, 1973, and subsequently appointed, on May 7, 1974, to serve as a judge in the Superior Court, held both a federal office and a state office simultaneously in violation of the provisions of the Rhode Island Constitution. Art. IX, §6 reads as follows:

> "Holding of offices under other governments. — No person holding any office under the government of the United States, or of any other state or country, shall act as a general officer, or as a member of the general assembly, unless at the time of taking his engagement he shall have resigned his office under such government; and if any general officer, senator, representative or judge shall, after his election and engagement, accept any appointment under any other government, his office under this shall be immediately vacated; but this restriction shall not apply to any person appointed to take depositions or acknowledgement of deeds, or other legal instruments, by the authority of any other state or country."

The plaintiff further alleges that G.L. 1956 (1968 Reenactment) §30-14-3, which allows a civil officer to simultaneously hold a commission in the militia of this state, the national guard, or any reserve component of the United States, is invalid because it contravenes art. IX, §6 of the constitution. The plaintiff requested that the court enjoin the defendant General Treasurer from paying Justice Needham's salary because of the constitutional violation.

The defendant General Treasurer filed a motion to dismiss, asserting that art. IX, §6 forbids simultaneous state-

federal office holding by a judge only where the federal appointment was made and accepted after the state judicial appointment.

The defendant also contends that plaintiff, a taxpayer, lacked standing to bring the action and that the Superior Court lacked jurisdiction to determine the right and title to office upon a complaint filed by a taxpayer seeking injunctive relief. The trial justice did not act upon these claims but based her decision solely upon the fact that defendant had failed to state a claim upon which relief could be granted. Therefore, for the purpose of this appeal, we assume that plaintiff has standing and that the Superior Court has subject matter jurisdiction. The only issue before us is whether art. IX, §6 of the Rhode Island Constitution prohibits Justice Needham from holding judicial office because of his prior commission in the United States Army Reserve.

The first clause of art. IX, §6 applies to "general officer[s]" or members of the General Assembly, and forbids such persons from first holding office in the United States government or the government of any other state or country and then becoming a general officer or General Assembly member. This provision is expressly applicable to executive and legislative officers only.

The second clause adds judges to the list of state officials addressed, and prohibits the acceptance of federal appointments by those already engaged as state officials.

In considering the language of section 6, we follow the well-established rule of construction that words in a constitution are to be given their usually accepted meaning. *Opinion to the Governor*, 62 R.I. 316, 323, 6 A.2d 147, 150 (1939). Unless a contrary intent clearly appears on the face of the provision, absent equivocal or ambiguous language, the words cannot be interpreted or extended but must be applied literally. *Andreozzi v. D'Antuono*, 113 R.I. 155, 158, 319 A.2d 16, 18 (1974); *Podborski v. Haskell Mfg. Co.*, 109 R.I. 1, 8, 279 A.2d 914, 918 (1971).

Giving the words of section 6 their usually accepted meaning, we find that the first clause does not apply in the instant case because it does not expressly include the word "judge"; it refers only to a general officer or a member of the General Assembly. The second clause of section 6, clearly applicable to judges, states that where the state officer accepts appointment under any other government, his state office shall be vacated. This, however, is not the situtation in the case at bar. Here Justice Needham's commission in the Army Reserve predates his appointment to the bench. Therefore, it is clear that acceptance of a judicial position by a member of the Reserve is not prohibited by the language of this provision in the constitution.

The plaintiff cites *Opinion to the Governor*, 83 R.I. 370, 116 A.2d 474 (1955), to support his position. This case, however, is consistent with and further strengthens our holding. The court, in *Opinion to the Governor, supra*, essentially stated that clause 1 of art. IX, §6 prohibits an official of any other government, state, or country from accepting a state appointment; and that clause 2 of that section prohibits general officers, senators, representatives and judges from accepting appointments with any other government. The court remarked that section 6 "was designed to secure the undivided loyalty and service of such officers to this state. The framers of the constitution deemed it prudent to prevent even the possibility of a conflict between loyalties." *Id.* at 373, 116 a.2d at 475.

The plaintiff makes no claim that there is a possibility of conflict between the allegiance owed by members of the Army Reserve and that owed by state court judges. We are aware that our decision regarding the existence of a possible conflict of loyalty does not turn upon a determination of whether the offices are naturally incompatible but rather whether there is an "explicit prohibition in the constitution [which] makes them incompatible * * *." *Id.* at 374, 116

A.2d at 475. We note that no provision in the constitution expressly prohibits the appointment to the judiciary of individuals who are members of the militia.

A majority of those jurisdictions addressing the issue support the proposition that membership in the judiciary is not incompatible with a military commission and, therefore, not prohibited under similar constitutional provisions. *People ex. rel. Happell* v. *Sischo*, 23 Cal.2d 478, 144 P.2d 785 (1943); *Kennedy* v. *Cook*, 285 Ky. 9, 146 S.W.2d 56 (1940); *State ex. rel. McGaughey* v. *Grayston*, 349 Mo. 700, 163 S.W.2d 335 (1942); *Ex parte Dailey*, 93 Tex. Crim, 68, 246 S.W. 91 (1922).

The plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Aram K. Berberian*, for plaintiff.

*Julius C. Michaelson*, Attorney Generla, *William Granfield Brody*, Special Assistant Attorney General, for defendants.